**B. W. STEWART, Plaintiff,**

v.

**M. S. HEVELONE, whose real name is Maurice S. Hevelone, Maurice S. Hevelone, President of the State Savings and Loan Association, and State Federal Savings and Loan Association, Leonard E. Whittaker, Leonard E. Whittaker, Secretary of the State Savings and Loan Association, and Secretary and Vice-President of State Federal Savings and Loan Association, the State Savings and Loan Association, a corporation, now State Federal Savings and Loan Association, Defendants.**

**Civ. No. 1240 L.**

United States District Court
D. Nebraska.

Feb. 8, 1968.

Healey & Healey, Lincoln, Neb., for plaintiff.

Cline, Williams, Wright, Johnson, Oldfather & Thompson, Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge (sitting by designation).

The plaintiff B. W. Stewart, an attorney and abstracter, commenced this action against Maurice S. Hevelone and Leonard E. Whittaker, both as individuals and as officers of State Federal Savings and Loan Association,[1] and State

1. The individual defendants are also joined as officers of the defendant State Savings and Loan Association, predecessor corporation to State Federal Savings and Loan Association.

The defendant State Federal Savings and Loan Association was first organized under the laws of the State of Nebraska and operated as the State Savings and Loan Association until June of 1961, when it was reorganized under the laws of the United States. For clarity, the defendant savings and loan associations will be referred to as State Federal Savings and Loan Association.

Federal Savings and Loan Association, seeking to recover under Section 4 of the Clayton Act [2] treble the damages allegedly resulting from violations by the defendants of Sections 1 and 2 of the Sherman Act.[3]

The defendants, pursuant to Fed.Rules Civ.Proc. rule 12(b) (1) and (6), have moved to dismiss the action on the grounds that the complaint, as amended, fails to state facts sufficient to invoke the Court's jurisdiction over the subject matter and fails to state a claim upon which relief can be granted.

"For the purpose of the motions to dismiss we are to regard as admitted the well pleaded facts of the complaint. * * * This admission 'does not, of course, embrace sweeping legal conclusions cast in the form of factual allegations.' * * * Furthermore, a general allegation of conspiracy, without a statement of facts constituting that conspiracy, is only an allegation of a legal conclusion and is insufficient to constitute a cause of action. * * " [citations omitted]. McCleneghan v. Union Stock Yards Co. of Omaha (8 Cir. 1962) 298 F.2d 659.

The amended complaint reveals that the plaintiff, as a bonded abstracter, commenced in the year 1915 to furnish abstracts to banks and savings and loan institutions located in Gage County, Nebraska. Apparently by 1956, the defendant State Federal Savings and Loan Association had either merged with or purchased the three other savings and loan associations that had been operating in Gage County [4] and by February 1st of that year, there were three abstracters, including the plaintiff, furnishing abstracts to the defendant savings and loan association and the two commercial banks in Gage County.

On January 25, 1955, the plaintiff entered into a lease under which he was to continue to occupy office space in a building owned by Baker Mortgage Company, Beatrice, Nebraska, for a period of one year. During the term of the lease the defendant State Federal Savings and Loan Association purchased the building and just prior to the expiration date of the lease Hevelone, as president of State Federal Savings and Loan Association, informed Stewart that the lease would not be renewed. A dispute arose and Stewart was told: "If you cause us any difficulty and do not move out, I will see that you never get another abstract out of this office." Statutory notice to vacate the premises was served upon Stewart March 6, 1956, with which he complied. From that date forward defendants refused to deal with mortgage customers who dealt, or who were about to deal, with the plaintiff and refused to accept abstracts prepared by him. This information was publicized in the local market area and to prospective business clients in other states.

These acts are said to constitute violations of the rights of the plaintiff to be free from unreasonable restraints of trade under the Federal anti-trust acts and as a result of these violations Stewart was compelled to discontinue operation of his abstract business in September, 1967. It is then alleged that the defendants conspired to interfere with Stewart's business and property by stating to applicants for mortgages that Stewart's abstracts were not acceptable and by publicizing their unacceptability. The objective of the conspiracy was the lessening of competition among abstracters in Gage County by forcing Stewart out of business and thus leaving only two competing abstracters in the county. The acts of the defendants, both individually and in concert, were not made known to the plaintiff until December, 1964.

---

2. 38 Stat. 731 (1914), 15 U.S.C.A. § 15.

3. 26 Stat. 209 (1890), as amended, 15 U.S.C.A. §§ 1 and 2.

4. The amended complaint does not reveal when the savings and loan associations were organized nor when they merged or were purchased by the defendant State Federal Savings and Loan Association.

To create federal jurisdiction out of what is basically a local matter, plaintiff alleges:

"That the defendants' business is that of a savings and loan association, which primarily lends money on real estate; that the business obtains a portion of that money through Federal instrumentalities; that the business of the defendants is controlled in substantial measure by Federal instrumentalities which partially control money as a commodity, including defendants' interest rates and volume; that a portion of defendants' business as a lender of residential mortgage money is conducted with citizens of the several states, including the federal government; that a portion of defendants' business, which is not mortgage-lending in character, is conducted with citizens of the several states; and that the defendants' business is consequentially 'in commerce' in that it is in a line of commerce and is in addition in trade and commerce which substantially affects interstate commerce."

Reduced to its essentials, the amended complaint alleges that the State Federal Savings and Loan Association and two of its officers conspired to lessen competition among abstracters in Gage County by putting plaintiff out of business and conspired to create, and did create, a monopoly by purchasing or merging with all other savings and loan associations in Gage County and thereby sought to eliminate mortgage lending competition in the county and that " * * * the effect of this was to tend to and to actually create a monopoly in a line of interstate commerce" to the detriment of the general public " * * * in that each and every one of the said acts alleged were in violation of the Sherman Anti-Trust Act and the Clayton Anti-Trust Act in creating and producing and constituting a monopoly in the savings and loan business in the market area in which it operated and in restraining competition by use of unfair trade practices, and by injuring plaintiff who was thereby unable to compete in the market, restraining the free flow of trade and commerce among the several states."

Before reaching the sufficiency of the complaint, it is necessary to consider the defendants' contention that the alleged cause of action accrued more than four years prior to the commencement of this action and, therefore, § 15b, 15 U.S.C.A., precludes any recovery. Such a basis for dismissal must be denied as injury and damage to plaintiff's business could possibly be established as having occurred within the limitation period. The matter would be one of factual proof. Hanover Shoe, Inc. v. United Shoe Machinery Corp., (3 Cir. 1967) 377 F.2d 776; Highland Supply Corp. v. Reynolds Metals Co., (8 Cir. 1964) 327 F.2d 725.

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

Count one of the complaint seeks to set forth violations of both Sections 1 and 2 of the Sherman Act. The essential element in a Section 1 violation, not found in Section 2 cases, is the existence of some kind of contract, combination or conspiracy. It is fundamental that at least two independent business entities are required for violation of Section 1, while one alone is sufficient under Section 2. Perma Life Mufflers, Inc. v. International Parts Corp., (7 Cir. 1967) 376 F.2d 692 (cert. granted, 389 U.S. 1034, 88 S.Ct. 770, 19 L.Ed.2d 821); Six Twenty-Nine Productions, Inc. v. Rollins Telecasting, Inc., (5 Cir. 1966) 365 F.2d 478. The complaint is deficient in this respect and fails to set forth a Section 1 violation.

The Section 2 violation is more difficult to delineate. It is alleged that defendants acquired a monopoly by elimi-

nating mortgage lending competition in Gage County and used this power to eliminate Stewart as a competitor, not of the defendant savings and loan association, but of other abstracters doing business in Gage County.

The conduct complained of here is the refusal to accept abstracts prepared by Stewart and the refusal to deal with mortgage customers who dealt, or were about to deal, with him, a possible secondary boycott. There is no allegation which sets forth how the conduct complained of affects interstate commerce, even assuming that State Federal Savings and Loan Association is a business engaged in interstate commerce.

■■ The test of jurisdiction is not that the acts complained of affect a business engaged in interstate commerce, but that the conduct complained of affects the interstate commerce of such business. Page v. Work, (9 Cir. 1961) 290 F.2d 323, cert. denied, 368 U.S. 875, 82 S.Ct. 121, 7 L.Ed.2d 76. It is irrelevant that some of a savings and loan association's activities are in interstate commerce if those complained of are not. However, the jurisdiction nexus with interstate commerce may also be demonstrated by showing that the wholly *intrastate* activities had a substantial effect on *interstate* commerce. Bank of Utah v. Commercial Security Bank, (10 Cir. 1966) 369 F.2d 19.

■ The plaintiff will be given one more opportunity to amend his complaint to set forth *how* the conduct complained of had a substantial effect on interstate commerce. It should also be noted at this time that the first amended complaint is replete with conclusionary allegations. Hopefully this will be corrected.

The plaintiff shall have until March 15, 1968, to amend his complaint. The defendants' motion to dismiss need not be renewed, but will be considered as having been made to the second amended complaint when filed with the Clerk, under the provisions of this Memorandum and Order. However, both parties may,

at their option, *contemporaneously* file one brief each in support of their respective positions within thirty (30) days of the filing of the second amended complaint. No other briefs will be filed unless directed by the Court.