461 F.2d 1155
 1972 Trade Cases P 73,982
 Charles BRETT, Individually and in behalf of all other
Mortgagors of First Federal Savings and Loan
Association, et al., Plaintiffs-Appellants,
v.
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION et al., Defendants-Appellees.
 No. 71-1379 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 May 22, 1972.
Rehearing Denied June 30, 1972.
 
 Don C. Alexander, Dallas, Tex., Durant F. Clements, Richardson, Tex., Dean Carlton, Dallas, Tex., of Clements, Kraus & Fiedler, Richardson, Tex., and of Alexander, Mackey, Bistany, Speck & Holland, Dallas, Tex., for plaintiffs-appellants.
 Robert H. Thomas, Thomas C. Unis, and Robert C. Rice, Dallas, Tex., for defendant-appellee First Federal Savings & Loan Assn. of Dallas.
 Frank Cusack, Dallas, Tex., for defendant-appellee Security Savings Assn.
 John H. McElhaney, Bruce W. Bowman, Jr., of Turner, Rodgers, Winn, Scurlock & Sailers, Dallas, Tex., for defendant-appellee, Oak Cliff Savings and Loan Assn.
 John W. Clark, Jr. and J. Glenn Turner, Jr., of Turner, Hitchins, McInerney, Webb & Hartnett, Dallas, Tex., for defendant-appellee, American Savings Assn.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.
 INGRAHAM, Circuit Judge:
 
 
 1
 Plaintiffs-appellants brought this class action on behalf of themselves and other similarly situated homeowners against their respective mortgagees, the defendant savings and loan associations. Plaintiffs alleged that defendants entered into a conspiracy to illegally enforce unlawful "due on sale" clauses found in their deeds of trust, and that defendants conspired to refuse to allow any mortgagor to sell or convey the mortgaged property unless the new purchaser would agree to a renegotiation of interest rates under the loan. The complaint asserted that because defendants maintained a united policy in this regard they violated Sec. 1 of the Sherman Anti-Trust Act, 15 U.S.C. Sec. 1.
 
 
 2
 The district court, upon various defense motions for dismissal and judgment on the pleadings, entered an order that the complaint failed to state a claim upon which relief could be granted and dismissed with prejudice and without leave to amend. No written reasons were given. We reverse and remand.
 
 
 3
 On reviewing an order granting a motion to dismiss for failure to state a claim, we must accept the facts which are well pleaded to be true and resolve them in the light most favorable to plaintiffs. The motion should not be sustained unless it appears to a certainty "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957); Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir., 1971); Spalitta v. National American Bank of New Orleans, 444 F.2d 291 (5th Cir., 1971).
 
 
 4
 Defendants urge that the district court properly dismissed the action without leave to amend, because there was no subject-matter jurisdiction. It is contended that since all mortgagors and mortgagees are citizens and/or residents of Dallas and/or Texas, the activity complained of was wholly intrastate in nature and had no substantial or direct effect upon interstate commerce.
 
 
 5
 Even though the court below did not specifically predicate its dismissal on jurisdictional grounds, we find it would have been improper to have done so. Although inadequately plead, plaintiffs have attempted by discovery and urge on this appeal at least three adverse effects upon interstate commerce: (1) that interstate movement is unreasonably obstructed by agreements restricting the transfer of equity in real property; (2) that one or more of defendants are subsidiaries of multi-state associations; and (3) that defendants' activities affect rental costs of lessees who are only temporarily in the state.
 
 
 6
 Plaintiffs need not show that defendants were actually engaged in interstate commerce, but only that their activities had a direct effect upon interstate commerce. Local activities may come within the purview of federal anti-trust jurisdiction if the requisite effect on interstate commerce is shown. "If it is interstate commerce that feels the pinch it does not matter how local the operation is that applies the squeeze." United States v. Women's Sportswear Mfg. Ass'n., 336 U.S. 460, 464, 69 S.Ct. 714, 93 L.Ed. 805 (1949); Lloyd v. United Liquors Corp., 203 F.2d 789 (6th Cir., 1953).
 
 
 7
 Defendants urge that plaintiffs' complaint is fraught with conclusory allegations of law, and thus that no claim was or could be stated on which the district court could have granted relief. The current trend, however, is toward greater liberality in pleading anti-trust claims. See Wright & Miller, Federal Practice and Procedure, Sec. 1228, at 170.
 
 
 8
 Although plaintiffs may be unable to allege specific facts proving actual acts of agreement or conspiracy, the pleadings are sufficient if they set forth facts from which an inference of unlawful agreement can be drawn. Actual agreements are seldom capable of proof by direct testimony and thus circumstantial evidence may be allowed to establish an alleged conspiracy. Interstate Circuit v. United States, 306 U.S. 208, 221, 59 S.Ct. 467, 83 L.Ed. 610 (1939); Eastern States Retail Lumber Dealers' Ass'n v. United States, 234 U.S. 600, 612, 34 S.Ct. 951, 58 L.Ed. 1490 (1914); Wall Products Co. v. National Gypsum Co., 326 F.Supp. 295, 316 (N.D., Cal., 1971). Plaintiffs cannot be required to plead with specificity the very facts which can only be proven by circumstantial evidence.
 
 
 9
 Finally, we point out that under Rule 12, Fed.R.Civ.P., leave to amend should be freely given when justice so requires. Defendants in their briefs urge that Stewart v. Hevelone, 283 F.Supp. 842 (D.C., Neb., 1968), a case also involving savings and loan associations, stands for the proposition that even under liberal rules of federal pleading plaintiffs' complaint fails. Nevertheless, a close reading of the case indicates that the district court, despite that the first amended complaint was "replete with conclusionary allegations," granted the plaintiff one more opportunity to amend and set forth how the conduct complained of had a substantial effect on interstate commerce. 283 F.Supp. at 846.
 
 
 10
 Once again we send a case back for a determination of what the facts are and not merely what the lawyers say they will be, along with the same caveat we have given many times before. See, e. g., Cook & Nichol, Inc., v. The Plimsoll Club, supra, 451 F.2d at 511; Webb v. Standard Oil Co., 414 F.2d 320, 324 (5th Cir., 1969); Tyler v. Peel Corp., 371 F.2d 788, 791-792 (5th Cir., 1967).
 
 
 11
 Intimating no decision on the merits, we reverse and remand.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409