**H.E. REEVES, INC., d/b/a Reeves Ready Mix Company, Plaintiff,**

v.

**LAREDO READY MIX, INC., City Ready Mix, Inc., et al., Defendants.**

**Civ. A. No. L–79–16.**

United States District Court, S.D. Texas, Laredo Division.

April 11, 1984.

Sharon Trigo, Laredo, Tex., for plaintiff.

George P. Person, Charles R. Borchers, Laredo, Tex., for City Ready Mix & Garcia Sand & Gravel Co.

Christopher M. Weil, Dallas, Tex., and Antonio Alvarado, Laredo, Tex., as local counsel, for Laredo Ready Mix, Inc.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Presently pending before this Court are motions for summary judgment by Defendants Laredo Ready Mix ("Laredo"), City Ready Mix ("City"), and Garcia Sand and Gravel Company ("Garcia"). The Court finds that, with the possible exception of the Robinson-Patman Act claim, the Defendants have not fully carried their burden in establishing the grounds for summary judgment.

Rule 56, Fed.R.Civ.P., provides that summary judgment is appropriate only if it appears from the pleadings and documents on file that (1) no genuine dispute as to material facts exists, and (2) such facts would entitle the moving party to judgment as a matter of law. That the non-movant is unlikely to prevail at trial or that the mover's facts appear more plausible are not reasons to grant summary judgment. *Jones v. Western Geophysical Company of America*, 669 F.2d 280, 283 (5th Cir. 1982). The Court has no duty to weigh the evidence, access its probative value, or decide the factual issues; its responsibility is only to determine whether there is an issue of fact to be tried. *Id.* Summary judgment should be granted only when it is clear what the truth is and that no genuine factual issue remains for trial. *Stafford v.*

*United States,* 611 F.2d 990, 993 (5th Cir. 1980). The burden of proof is on the movant to show from the whole file that there is no genuine fact issue and any doubt must be resolved against movant. *Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980).

 The Plaintiff has alleged that the Defendants have violated the Robinson-Patman Act, 15 U.S.C. § 13. Section 13 prohibits "discrimination in price between different purchasers of commodities of like grade and quality ... where such commodities are sold for use, consumption, or resale within the United States ... and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce." Discrimination in interstate commerce is required; at least one of the compared transactions must cross a state line. *Littlejohn v. Shell Oil Co.,* 483 F.2d 1140 (5th Cir.) *(en banc) cert. denied,* 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973). Defendants correctly point out that Plaintiff has not alleged a sale in interstate commerce; this is a jurisdictional requirement which cannot be waived. The Court therefore directs that the Plaintiff replead within ten (10) days to correct this defective jurisdictional allegation. Plaintiff should be forewarned that the critical issue under § 13 is whether any Defendant sold sand and gravel to an interstate customer at a price lower than that offered to Plaintiff. The issue is *not* whether subsequent sales of ready mix concrete were to interstate customers. If Plaintiff does not replead, the Robinson-Patman claim concerning price discrimination will be stricken. Defendants also urge that in addition to failing to allege an interstate sale, Plaintiff has failed to "establish" such a sale. Such an argument misconceives the burden of proof at this stage. While Plaintiff will indeed have the burden of proof at trial, the summary judgment movants must establish the absence of such sales at this stage. They make no effort to do so.

 Plaintiff has also pled a cause of action under § 1 of the Sherman Anti-Trust Act, 15 U.S.C. § 1. Section 1 prohibits agreements or conspiracies in an attempt to restrain trade in interstate or international commerce. There is evidence, if believed, which would tend to establish that such an agreement or conspiracy existed between the Defendants. Jesus Flores testified during a deposition that Garcia would not sell Reeves sand and gravel because Reeves had obtained a contract for the Las Tiendas road project which City had bid upon. *See* Jesus Flores Depo. p. 17. Although Garcia and City are owned and operated by the same individuals, separate corporations—even though affiliated— may conspire with each other to violate section 1 of the Sherman Act. *See e.g. H. & B. Equipment Company v. International Harvester,* 577 F.2d 239, 244 (5th Cir.1978) (must be separately incorporated for subsidiary corporation to be a co-conspirator); *Cliff Food Stores, Inc. v. Kroger, Inc.,* 417 F.2d 203, 205–06 (5th Cir. 1969) (subsidiary or affiliated corporations are capable of conspiring with their parent corporation); *United States v. Cotton Baking Co.,* 513 F.Supp. 223, 225–26 (M.D.La.) *affirmed* (5th Cir.1981) (separate organizations are separate persons within the meaning of 15 U.S.C. § 1).[1] There is also evidence, albeit circumstantial, that Laredo may have conspired with Garcia in an attempt to restrain trade. J.P. Williams, the manager of Laredo, is reported to have stated that he wanted to see Reeves run out of business. *See* W. Reeves Depo. p. 54. J.P. Williams often visited the offices of Garcia and City. *Id.* at 120. Garcia refused to supply sand and gravel to Reeves and at the same time City lowered its prices for concrete. *Id.* at 61. Laredo first raised its price for sand and gravel charged to Reeves, *Id.* at 57, then later refused to sell to Reeves altogether. *Id.* at

---

**1.** The United States Supreme Court has granted certiorari in *Independent Tube Corp. v. Copperweld Corp.,* 691 F.2d 310 (7th Cir.1982) *(cert. denied,* — U.S. —, 103 S.Ct. 3109, 77 L.Ed.2d 1365 (1983), on this very issue. Nevertheless the current state of the law in the Fifth Circuit is as reflected in the text of this Memorandum.

41. When Reeves could not obtain sand and gravel, Laredo went to Reeves customers and quoted cheaper prices for concrete. *Id.* at 116. These actions on the part of Defendants provide circumstantial evidence from which the trier of fact could determine the existence of an agreement between the Defendants in restraint of trade. A conspiracy in violation of section 1 may be shown by circumstantial evidence. *See American Tobacco Co. v. United States,* 328 U.S. 781, 789–91, 66 S.Ct. 1125, 1129–30, 90 L.Ed. 1575 (1946); *Brett v. First Federal Savings and Loan Association,* 461 F.2d 1155, 1158 (5th Cir.1972). While the evidence in the present record is hardly overwhelming, it suffices to defeat summary judgment, especially when Defendants have failed to come forth with evidence that there was no conspiracy. *Cf. Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 555 (5th Cir.1980) (each defendant, by affidavit of a responsible official and by answers to interrogatories, denied participation in a conspiracy). Therefore the Court cannot grant summary judgment on Defendants' motion as concerns the section 1 claims.

■■■ Plaintiff has also claimed a section 2 violation of the Sherman Anti-Trust Act, 15 U.S.C. § 2. Section 2 of the Act prohibits single-firm conduct and as well as conspiracies which are aimed at monopolization or attempted monopolization. Defendants, again, have not carried their burden. The same acts which may be viewed as violations of section 1 of the Sherman Act may also present fact questions for the jury as to a conspiracy violation of section 2 of the Act. A violation by a single firm may be found if, coupled with the aforementioned acts, intent to monopolize is inferentially shown. Since Defendants have made no effort to demonstrate the absence of any fact issues in this regard, summary judgment is not proper.

■■■ Plaintiff has made no allegation of relevant product market in connection with the section 1 or 2 claims. Although Defendants Laredo and City contend that such an allegation must be made, the Court can find no authority for such a proposition and none has been cited. Plaintiff conversely contends that such a showing is not necessary even at trial. This is incorrect. *Hornsby Oil Co. v. Champion Spark Plug Co.,* 714 F.2d 1384, 1392–94 (5th Cir.1983).

■■■ Defendants City and Garcia assert that Plaintiff has failed to allege all the facts necessary to establish an attempted monopolization under section 2. For example, they contend that a failure to allege the dangerous probability that the Defendants would achieve a monopoly is fatal to the Plaintiff's case, citing *Mackey v. Sears, Roebuck and Co.,* 237 F.2d 869 (7th Cir.1956), *cert. dis'd,* 355 U.S. 865, 78 S.Ct. 114, 2 L.Ed.2d 70. The Court finds that Plaintiffs need not allege each specific element of an anti-trust violation, but may allege facts from which an inference may be drawn proving each of the elements. *See Brett v. First Federal Savings and Loan Assn.,* 461 F.2d 1155, 1158 (5th Cir. 1972). "The current trend, however, is toward greater liberality in pleading Anti-Trust claims." *Id.* at 1157. Furthermore, Defendants City and Garcia also contend that Plaintiff has not even alleged a cause of action under section 1 of the Sherman Act due to their use of the term "monopolization" and not "restraint of trade" in describing all alleged violations of the Defendants. The Court finds that Plaintiff has alleged violations of both sections 1 and 2 of the Sherman Act. Plaintiff has stated that Defendants acts violate sections 1 and 2 and therefore Defendants have "fair notice of what Plaintiffs claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

■■■ Laredo also claims that Plaintiff's breach of contract is barred by the doctrine of res judicata since it was previously at issue in a state court proceeding. Since Defendant has not provided this Court a copy of the state court judgment nor showed the identity of the issues previously adjudicated in the state court, summary judgment cannot be granted on this issue either.

It is therefore ORDERED that Defendants' motions for summary judgment are denied. It is further ORDERED that Plaintiff amend its pleadings to meet the jurisdictional requirements of the Robinson-Patman Act within ten (10) days of receipt of this opinion.