78 So.2d 685 (1955)
L.H. NASH, trading and doing business as Nash Chemical Company (not incorporated), Appellant,
v.
I.D. WALKER and Clarence Williams, copartners, trading and doing business near Belle Glade, Florida, Appellees.
Supreme Court of Florida. Special Division B.
February 9, 1955.
Rehearing Denied April 5, 1955.
Burns, Middleton & Rogers, West Palm Beach, for appellant.
Farish & Farish, West Palm Beach, for appellees.
THOMAS, Justice.
The appellant sued the appellees on an account showing a balance due of approximately four thousand dollars for fungicides and insecticides. The day the action was started the appellant procured a writ of garnishment which was served on Florida National Bank at Belle Glade and another and resulted in the setting aside of a sum of money of more than twice the amount of the claim. The next day the garnishment was dissolved upon giving a bond under Sec. 77.24, Florida Statutes 1951, and F.S.A.
The appellees later filed a counterclaim attacking the regularity of the garnishment proceedings on the grounds that the averments in the affidavit were untrue and unfounded and claiming damage to their "personal and financial reputation in the community" by reason of the impounding of their monies. They charged that the garnishment was maliciously and wilfully procured with intent to force the appellees to pay an unjust obligation.
A motion to dismiss the amended counterclaim on the sole ground "it [failed] to state a claim upon which relief [could] be granted," Rule 13 of the Florida Common Law Rules effective 1 January 1950, 30 F.S.A., was denied so the issues with reference to the motive for securing the garnishment and the injurious results to the appellees were injected into the case and furthermore they were intermingled with a claim that the insecticides and fungicides did not contain the ingredients guaranteed by the appellant to be present and that as a consequence appellees' crop was ruined.
*686 Upon a trial of the issues the jury returned a verdict for the defendants and awarded the counter-claimants $2500. Of course, it is impossible to ascertain whether the verdict was to recompense the appellees for injury to their reputation or damage to their crop, or both.
The appellant now contends that the filing of a bond by the appellees amounted to a waiver of any question about the propriety of the issuance of the writ of garnishment, and that the judge, therefore, erred when he permitted the introduction of testimony about the malicious procurement of the writ and the damages on that account suffered by the appellees.
From a careful study of Chapter 77, Florida Statutes 1951, and F.S.A., dealing with garnishment, we learn that such a writ may be obtained in an action "commenced by a summons ad respondendum," Sec. 77.18, upon filing an affidavit that the debt is "just, due and unpaid"; that the writ is not sought to "injure * * * the defendant" and so on.
As a prerequisite for the writ, except when attachment has issued, the person securing it must furnish a bond "conditioned to pay all costs and damages, which the defendant may sustain in consequence of the plaintiff's improperly suing out" the writ. Sec. 77.18. (Italics ours.)
The garnishment may be discharged in three ways: by the giving of a bond to release the money that has been impounded, Sec. 77.24, by the granting of a motion of the defendant to dissolve, and by the failure of the plaintiff to sustain an allegation of the original affidavit when challenged by a traverse of the defendant, Sec. 77.07. It appears from the language of the section last cited that the defendant has the option of denying the allegations of the affidavit including the one that the writ was not obtained to injure the defendant. The court, in case the debt is disputed, may require pleadings as to that issue which shall be then tried by a jury if one is demanded. Sec. 77.08.
We then turn to Secs. 77.22 and 77.26 and find that if the defendant prevails, the plaintiff must pay all "costs" which have accrued, and that whenever a writ of garnishment is procured in county courts or courts of justices of the peace, and is dismissed for failure of the plaintiff to prove his claim, the defendant is entitled to a fee for his attorney to be taxed as costs.
As will be seen, there are repeated references to costs in the statutes we have cited, but we find no provision for the adjudication in the ancillary proceeding of damages suffered by the defendant from the malicious issuance of the writ although the person obtaining the writ must swear that he has not done so to injure the defendant and must give a bond to pay the defendant's costs, and "damages" too, if he has "improperly" obtained the writ. Sec. 77.18.
We come to the conclusion that the appellant is not secure in his position that once a defendant in a garnishment proceeding gives a bond to release the money impounded by the writ, the plaintiff escapes all responsibility for damage to the defendant, if the writ can be shown to have issued for the purpose of injuring the defendant.
Our study of the chapter has left us in some doubt about the issues that may be tried before a jury when one is requested and impaneled. It is provided that the "issues" raised by pleadings with reference to the debt shall be tried by jury, if one is demanded, then is added that this issue is to be tried at the same time as the issue "made by the affidavit as to the special cause assigned * * *." Sec. 77.07. In the statute requiring a jury when demanded, it is specified that there shall be a trial of the "issue joined as aforesaid * * *." Sec. 77.08.
Whether the jury tries only the issue of the debt, or both the debt and the "special cause" is not plain, but under any construction the conclusion is inescapable that no means is afforded in the chapter for determining the damages to the defendant for procuring a writ maliciously and wilfully. Nor is procedure provided for adjudging, presumably for the purpose of determining *687 whether or not the writ should be dissolved, the fact of issuance without intent to harm the defendant, except upon a traverse by the defendant which places the burden on the plaintiff of establishing the truth of the negative assertion that there was no such intent. Sec. 77.07. Cf. Pleasant Valley Farms & Morey Condensery Co. v. Carl, 90 Fla. 420, 106 So. 427.
Although we have concluded that the giving of the bond by the defendant did not have the effect of so completely discharging the writ of garnishment that there could be no liability on the part of the plaintiff, we cannot agree that a counterclaim for injury to the defendants' "personal and financial reputation" should have been entertained in this case. The cause of action did not fall in the class of compulsory counterclaims. In the first place it arose out of an ancillary proceeding not "out of the transaction or occurrence that [was] the subject matter of the action." Sec. 52.11, Florida Statutes 1953, and F.S.A. In the second place we do not think such a claim, in tort, is properly triable with the issues of amounts due, to the appellants for materials sold and to the appellees for ruination of their crop. The confusion from mixing these issues with one relative to damage by reason of maliciously obtaining the writ of garnishment is obvious.
We have carefully examined the remaining three questions and the record relevant to them and have not been convinced that they need a reply, or that they are successful challenges of the Court's rulings.
One point stands out from our long weary struggle with this case and that is the complex and confusing state of the law relative to garnishment. It occurs to us that it need not be so and that the whole subject should have a thorough legislative overhauling.
The judgment is 
Reversed.
MATHEWS, C.J., and TERRELL, HOBSON and ROBERTS, JJ., concur.