207 So.2d 709 (1968)
Cora Lee CLINE, Appellant,
v.
FLAGLER SALES CORP. and O.H. Schwartz, Appellees.
No. 67-434.
District Court of Appeal of Florida. Third District.
March 5, 1968.
Rehearing Denied March 26, 1968.
Howard A. Rose, for appellant.
Ruden, Barnett & McClosky and Henry M. Schmerer, Ft. Lauderdale, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
*710 PER CURIAM.
By this appeal the appellant, plaintiff in the trial court, seeks review of an adverse summary final judgment. In determining the correctness of the trial court's ruling, all reasonable inferences from the record are to be taken in the light most favorable to the party moved against in the summary judgment proceedings. Harper v. Mangel, Fla.App. 1963, 151 So.2d 346; Cahill v. Cooney, Fla.App. 1966, 182 So.2d 32. Viewing the record in light of this principle, it reveals the following:
The plaintiff purchased a chattel from the defendant, Flagler Sales Corp., and executed a retain title sales contract calling for monthly installment payments. The plaintiff fell behind in her installments and the Flagler Sales Corp. employed the defendant, O.H. Schwartz, to obtain collection of the amounts due on the contract. The plaintiff was contacted in reference to the arrearages and she tendered the return of the chattel. But, notwithstanding the offer to return, Schwartz caused criminal proceedings to be instituted against her alleging violation of § 818.01, Fla. Stat., F.S.A., which resulted in her being arrested at 3:00 o'clock A.M. by a deputy constable who was accompanied by the defendant Schwartz. She was detained by the constable until approximately 9:30 o'clock A.M., when she was delivered by the deputy constable to Schwartz for the purpose of transporting her to the place of employment of her mother in order that she might secure funds to deliver to Schwartz, who refused to release her until he received certain money. Thereafter, the matter came on for hearing before a justice of the peace in a preliminary hearing, which again resulted in the plaintiff [defendant in those proceedings] offering to return the chattel, which was accepted by Schwartz and the plaintiff [defendant therein] was not bound over for further criminal proceedings.[1] Thereafter, the instant action was filed at law in three counts alleging malicious prosecution, false imprisonment, and abuse of process. After issue being joined by answers which raised certain affirmative defenses, the trial court entertained motions for summary judgment and entered the summary final judgment here under review in favor of the defendant.
As to the count relating to the malicious prosecution, we affirm the action of the trial court because the record before him clearly indicated that the proceeding instituted in the justice of the peace court did not terminate in her favor, as is necessary to support a malicious prosecution action. Warriner v. Burdines, Inc., Fla. 1957, 93 So.2d 108; Gallucci v. Milavic, Fla. 1958, 100 So.2d 375, 68 A.L.R.2d 1164; Williams v. Confidential Credit Corporation, Fla.App. 1959, 114 So.2d 718. It is apparent that the matter was settled before the justice of the peace and such a determination will not support such a charge. Freedman v. Crabro Motors, Inc., Fla.App. 1967, 199 So.2d 745.
As to the false imprisonment charge, relating to the detention in Schwartz' automobile, we reverse. It is not necessary that a person actually be incarcerated to have a cause of action for false imprisonment. 14 Fla.Jur., False Imprisonment, § 3; 32 Am.Jur.2d, False Imprisonment, §§ 11, 12. Although the trier of the fact, upon the resolution of the disputed issues of fact, may not sustain the plaintiff's position, the record [indicating that she was refused release from the automobile of the defendant Schwartz until she obtained monies from her mother] was sufficient to withstand an adverse ruling on the motion for summary judgment.
There were triable issues on the count for abuse of process which, if resolved in favor of the plaintiff, would constitute facts sufficient to establish in the plaintiff a right of recovery. The case *711 of Freedman v. Crabro Motors, Inc., supra, does not appear applicable to abuse of process.
In an action for abuse of process it is not essential to show a termination of the proceeding in favor of the person against whom the process was issued and used, or to show want of probable cause or malice. The cause of action consists of the willful or intentional misuse of process; a willful and intentional misuse of it for some wrongful and unlawful object, or ulterior purpose not intended by the law to effect. Nash v. Walker, Fla. 1955, 78 So.2d 685; Strickland v. Commerce Loan of Jacksonville, Fla.App. 1963, 158 So.2d 814; 1 Am.Jur.2d, Abuse of Process, § 4; 72 C.J.S. Process §§ 119, 120 and Annot.; 14 A.L.R.2d 322, et seq.
In Prosser on Torts, 3rd Ed., Ch. 23, Misuse of Legal Procedure, § 115, p. 877, it is said: "Thus if the defendant prosecutes an innocent plaintiff for a crime without reasonable grounds to believe him guilty, it is malicious prosecution; if he prosecutes him with such grounds to extort payment of a debt, it is abuse of process."
Therefore, the summary judgment entered in favor of the defendants is affirmed as to the count on malicious prosecution, and is reversed as to the counts relating to false imprisonment and abuse of process. The cause is remanded to the trial court for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part, and remanded.
BARKDULL, Judge (dissenting in part).
I dissent from so much of the above opinion which reversed on the abuse of process count. I would affirm because of the settlement arrived at at the time of the preliminary hearing. See: Freedman v. Crabro Motors, Inc., Fla.App. 1967, 199 So.2d 745.
NOTES
[1] Of course, certain of these facts are in dispute and, upon a trial, it will be within the province of the trier of fact to resolve these issues of fact.