PER CURIAM.
Appellant, defendant in the trial court, appeals an adverse money judgment which required him to pay damages for alleged injury to a boat mold and to respond in damages to the appellee for an alleged unjust enrichment.
*486 At a time material hereto, the boat mold was in the control and possession of the appellant who, at that time, was a co-owner in the chattel. During this period it was accidently damaged. The mold was thereafter delivered to the appellee’s representative who receipted for same as follows :
“Everything on this list has been picked up by me and is in acceptable condition 4/3-67”.
The mold was then used by the appellee, after which he brought the instant action which resulted in damages being awarded both for a compensatory loss and unjust enrichment. The compensatory damages were awarded for the alleged injury occasioned to the chattel while it was in the possession of the appellant, prior to delivery to the appellee and prior to the execution of the bill of sale.
We find that the trial court erred in awarding these damages because (1) the appellee, through his representative, accepted the chattel in its then condition [§ 672.2-608, Fla.Stat., F.S.A.; 28 Fla.Jur., Sales, §§ 103, 117; 46 Am.Jur., Sales, §§ 215, 252], and (2) a cotenant generally is not liable for negligent damages done to the chattel jointly owned. Hyer’s Exrs. v. Caro’s Ex’x, 1878, 17 Fla. 332; 8 Fla.Jur., Cotenancy, § 10. We find no basis in the pleadings or in the record to warrant the recovery of damages against the appellant for unjust enrichment and the final judgment, in this regard, be and the same is hereby reversed.
The appellant’s point on the dismissal of his counterclaim in the trial court, for alleged abuse of process and malicious prosecution, is found to be without merit. Warriner v. Burdines, Inc., Fla.1957, 93 So.2d 108; Gallucci v. Milavic, Fla.1958, 100 So.2d 375, 68 A.L.R.2d 1164; Cline v. Flagler Sales Corp., Fla.App.1968, 207 So.2d 709; 1 Am.Jur.2d, Abuse of Process, § 4.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby reversed, with directions to dismiss the complaint, the counterclaim, and the cause in the trial court.
Reversed and remanded, with directions.