295 So.2d 710 (1974)
AMERICAN SALVAGE AND JOBBING COMPANY, INC., a Florida Corporation, Appellant,
v.
Jacque SALOMON, Formerly D/B/a Sun Village Motel, and Sadie Salomon, Appellees.
No. 73-1110.
District Court of Appeal of Florida, Third District.
June 11, 1974.
*711 Theodore M. Trushin and Michael B. Solomon, Miami, for appellant.
Warren M. Salomon, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
This appeal by the plaintiff in the trial court concerns the application of rule 1.100(a) and rule 1.110(e), RCP, 30 F.S.A. The questioned application of the rules arose in the trial court where a judgment on the pleadings was entered for the defendants upon the ground that the plaintiff had failed to file a timely reply to two affirmative defenses as required by the rules.[1]
The appellant, as plaintiff, filed a complaint in the nature of a creditor's bill against the appellee, Jacque Salomon, alleging that the latter had fraudulently transferred property to his wife, Sadie Salomon. The appellees filed their answer and a counterclaim. The answer of each defendant was identical in that it denied paragraph three of the third amended complaint which contained all of the allegations upon which the plaintiff claimed relief in the nature of a creditor's bill except for the entry of a prior money judgment for the plaintiffs and execution thereon.[2] In addition, the appellees, as defendants, filed two affirmative defenses which did nothing except expressly deny any wrongful transfer of property.[3] Thereafter, following other pleadings not germane to this issue, the trial court, upon the motion of the plaintiff, entered a judgment on the pleadings in favor of the defendants. That judgment on the pleadings is quoted in footnote 1. The judgment is based upon the court's conclusion that the failure of the plaintiff to file a reply to "affirmative defenses" two and three was fatal to him.
We reverse upon a holding that a reply to the so-called affirmative defenses was not required by the rules.
An examination of the applicable portions of the rules should be made first. Rule 1.100(a) states in relevant part as follows:
"If an answer or third party answer contains an affirmative defense and the opposing party seeks to avoid it, he shall file a reply containing the avoidance. No other pleadings shall be allowed." (Emphasis supplied)
Rule 1.110(e) provides:
"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading *712 to which no responsive pleading is required or permitted shall be taken as denied or avoided." (Emphasis supplied)
The language in rule 1.100 requires a reply only to those affirmative defenses wherein the opposing party seeks to avoid the allegations of the affirmative defense. The committee note to the 1972 amendment to rule 1.100 states that "the change makes a reply mandatory when a party seeks to avoid an affirmative defense in an answer ...". The note goes on to state that the rule change was intended to eliminate the problems exemplified by Tuggle v. Maddox, Fla. 1952, 60 So.2d 158 and Dickerson v. Orange State Oil Co., Fla.App. 1960, 123 So.2d 562.
In other words, affirmative defenses must be avoided, if their nature requires an avoidance. The plaintiff already had stated in its complaint that the defendant transferred assets to the codefendant without adequate consideration, and that the codefendant was in possession of these assets. All that could be said about these defenses has already been said in the complaint. No new issue would have been presented by a reply denying the affirmative defenses. The provisions of rule 1.110(e) regarding averments in a pleading to which no responsive pleading is required being taken as a denial are as true today, with regard to affirmative defenses which require no avoidance, as they were to all affirmative defenses before the amendment creating the present rule 1.100.
Factual matters which raise a new point, such as fraud, circumstances that have previously been outside of the pleadings, affirmative defenses contained within rule 1.110(d), and allied affirmative defenses such as the applicability of a statute, failure to comply with policy provisions, election of remedies, truth, multiplicity of suits, privileges, etc., are those affirmative defenses which may require an avoidance by reply. The two affirmative defenses previously set out merely deny the allegations in the complaint, and any further reply would be redundant and would not satisfy the purpose for which the rule was amended. See Trawick, "To Reply or not to Reply," 47 Florida Bar Journal 702 (December 1973).
There remains a genuine issue of material fact, to wit: whether the defendant transferred to the codefendant certain assets which belonged to the defendant without adequate consideration, and whether the codefendant is in possession of these assets. We conclude that the final judgment on the pleadings must be reversed.
The second substantial question presented by this appeal arises from the appellee's cross-assignment of error. The defendants filed a counterclaim against the plaintiffs alleging that the creditor's bill itself constituted malicious prosecution and abuse of process. The trial judge correctly dismissed the counterclaim on motion.
There are six elements necessary to sustain an action for malicious prosecution: they are (1) commencement of the original proceedings, (2) its causation by the defendant, (3) its termination in favor of the plaintiff, (4) the absence of probable cause, (5) the presence of malice, and (6) damages. Tatum Brothers Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Community National Bank of Bal Harbour v. Burt, Fla.App. 1966, 183 So.2d 731. It is readily apparent that an action which is pending cannot be said to be terminated in favor of the counterclaimant. The same reasoning applies to the claim of malicious abuse of process inasmuch as the only abuse claimed is the process in the pending suit.
The appellant and the appellee have presented several other points which are either moot in view of the decision already reached or rulings which lie within the sound judicial discretion of the trial judge. We find no reversible error in any of the points not discussed.
Accordingly, the judgment on appeal is affirmed in part and reversed in part in *713 that the judgment on the pleadings is reversed and the order dismissing the counterclaim is affirmed. The cause is remanded for further proceedings.
Affirmed in part, reversed in part and remanded.
NOTES
[1] * * * *
"1. Defendants filed their Answer on June 28, 1973, containing four Affirmative Defenses to the Third Amended Complaint for Creditors Bill.
"2. On July 9, 1973, Plaintiff filed a Motion to Strike Affirmative Defenses 1 and 4, which Motion has been denied.
"3. Plaintiff has failed to file a timely Reply to Affirmative Defenses 2 and 3, as required by Rules 1.100(a) and 1.140(a) of the Florida Rules of Civil Procedure.
"4. Affirmative Defenses 2 and 3 are deemed admitted in accordance with Rule 1.110(e) of the Florida Rules of Civil Procedure.
"5. By virtue of such admitted Affirmative Defenses, there is no issue of any material fact in the Pleadings, and the Defendants are entitled to Judgment as a matter of law."
[2] "3. The allegations in the preamble to paragraph 3 of the Third Complaint are denied.

"a. The allegations of paragraph 3a of the Third Complaint are admitted.
"b. The allegations of paragraph 3b of the Third Complaint are denied."
[3] "2. The defendant, Jacque Salomon, did not transfer any property to the co-defendant which would be obtainable by judgment in this cause.

"3. The defendant, Sadie Salomon, has no assets which belong to the co-defendant, Jacque Salomon, and did not receive any such assets as alleged in the Third Complaint."