316 So.2d 66 (1975)
Alfred D. BIELEY and Peggy Bieley, Appellants,
v.
duPONT, GLORE, FORGAN, INC., Etc., et al., Appellees.
No. 74-1272.
District Court of Appeal of Florida, Third District.
May 20, 1975.
On Rehearing July 23, 1975.
Dunn & Johnson, Alfred D. Bieley, Miami, for appellants.
Philip M. Gerson, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by Alfred Bieley and Peggy Bieley, defendants in the trial court, *67 from an order dismissing their counterclaim without prejudice.
The plaintiff, duPont, Glore, Forgan, Inc., filed a complaint for declaratory relief naming the Bieleys as defendants seeking a declaration of rights involving the property interest of the plaintiff and the defendants in a certain bond allegedly delivered to the defendants, which defendants allegedly never ordered, requested or received. The complaint does not seek money damages. In response, the Bieleys filed an answer and counterclaim for defamation, invasion of privacy, impairment of credit, malicious prosecution and abuse of process. When the plaintiff moved for summary judgment on the counterclaim, the court, on its own motion, determined that the counterclaim was premature and it was dismissed without prejudice to the Bieleys to file such independent causes as they deem appropriate.
The sole question presented before this court on appeal is whether the counterclaim is compulsory and should be disposed of at the same time as the complaint for declaratory decree. We hold that it is permissive rather than compulsory, and that the trial court properly dismissed the counterclaim, allowing the Bieleys to proceed by separate suit if they so desire. Although much of the relief sought in the counterclaim grows out of the transaction, subject of the plaintiff's complaint, the issues raised in the counterclaim require a prior determination of the parties' rights in the declaratory decree action. There are six elements required to sustain an action for malicious prosecution, one of which is bona fide termination of the prior action in favor of the plaintiff in the malicious prosecution action. If any of the elements is lacking, the result is fatal to the action. Tatum Brothers Real Estate & Investment Company v. Watson, 1926, 92 Fla. 278, 109 So. 623, 626. A counterclaim for malicious prosecution or abuse or process cannot be maintained in a pending action since the abuse claimed is the pending suit which cannot be said to have terminated in favor of the counterclaimant. American Salvage & Jobbing Company, Inc. v. Salomon, Fla.App. 1974, 295 So.2d 710, 712.
Accordingly, the order on appeal is affirmed.

ON REHEARING
PER CURIAM.
On consideration of appellants' petition for rehearing, our opinion is amended to affirm dismissal of only that part of the counterclaim which pertains to any cause of action therein for abuse of process or malicious prosecution. The order of dismissal with leave to file an independent cause of action is reversed as to the remaining allegations which constitute libel, invasion of privacy or other stated causes of action because, if and when properly pleaded, the allegations constitute a compulsory counterclaim.
It is so ordered.