381 So.2d 308 (1980)
Robert L. BLUE, a/K/a R.L. Blue, a/K/a Bob Blue, R.L. Blue & Co., Inc., a Florida Corporation, and Blue, Lovett, Keys & Co., Inc., a Florida Corporation, Appellants,
v.
Alice W. WEINSTEIN, Z.T. Walker, R.L. Walker, F.J. Walker, W.H. Walker, III, J.H. Walker, R.V. Walker and W.H. Walker, Jr., Partners D/B/a "Home Underwriters", Appellees.
No. 79-329.
District Court of Appeal of Florida, Third District.
March 18, 1980.
*309 Prunty, Ross & Olsen and John W. Prunty, Miami, for appellants.
Kelly, Black, Black, Wright & Earle and Brian P. Patchen, Miami, for appellees.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
This is a counterclaim for abuse of process which was dismissed by the trial court without prejudice to file a separate action upon termination of the main suit herein. The counterclaimant appeals.
The central issue presented for review is whether a cause of action for abuse of process may be maintained as a counterclaim when directed against process served in the pending main action. We hold that such a cause of action may be maintained as a permissive counterclaim and, accordingly, reverse the order of dismissal under review.

I
The facts of this case as they pertain to the above issue are as follows. The plaintiffs [Alice W. Weinstein, Z.T. Walker, R.L. Walker, F.J. Walker, W.H. Walker, III, J.H. Walker, R.V. Walker and W.H. Walker, Jr., partners d/b/a Home Underwriters] filed a third amended complaint in six counts against the defendants [Robert L. Blue, a/k/a R.L. Blue a/k/a Bob Blue, R.L. Blue & Co., Inc. and Blue, Lovett, Keyes & Co., Inc.] in the Dade County Circuit Court. Count VI of the complaint alleged a larceny of certain items of property by the defendants and sought a civil remedy under Section 812.035, Florida Statutes (1979); count VII of the complaint alleged an unlawful conspiracy by the defendants for violation of Florida Anti-Racketeering Act, § 943.462(2), Fla. Stat. (1979). Process was duly served upon the defendants with reference to this complaint. Upon proper defense motion, the trial court dismissed counts V-VII of the complaint, but allowed the remaining counts in the complaint to stand.
The defendants answered the complaint and also filed a second counterclaim charging the tort of malicious prosecution relating to the plaintiffs' filing of counts VI and VII of the third amended complaint herein. Upon proper motion by the plaintiffs, the *310 trial court dismissed this counterclaim without prejudice to the defendants to file an independent action of malicious prosecution at the termination of the main claim in this action. No appeal has been taken from this order.
The defendants thereafter filed a third counterclaim charging the plaintiffs with abuse of process in the serving of process relating to counts VI and VII of the plaintiff's third amended complaint. Aside from the change in the names of the tort, the facts underlying the abuse of process claim were basically the same facts as alleged in the malicious prosecution counterclaim. Upon proper motion by the plaintiffs, the trial court dismissed the abuse of process counterclaim without prejudice to the defendants to file an independent action for abuse of process upon the termination of the main claim in this action. The defendants appeal from this order. We have jurisdiction to entertain this appeal as an appeal from a final order.[1]

II
This court has held in a line of cases that the tort of abuse of process may not be brought as a counterclaim when directed against process served in the pending main action on the ground that termination of such action in favor of the counterclaimant is an essential precondition to the bringing of such claim. So long as the main action remains pending, it was our conclusion that the abuse of process counterclaim is premature and may only be brought as an independent action at the termination of the main action. The trial court undoubtedly relied on these cases in dismissing without prejudice the defendants' abuse of process counterclaim herein. Bieley v. duPont, Glore, Forgan, Inc., 316 So.2d 66 (Fla. 3d DCA 1975); American Salvage & Jobbing Co., Inc. v. Salomon, 295 So.2d 710 (Fla. 3d DCA 1974); Marcoux v. Davis, 230 So.2d 485 (Fla. 3d DCA 1970).
This court has also held, in conflict with the above line of cases, that termination of the action in favor of the person against which process is served is not an essential element of the tort of abuse of process. In Cline v. Flagler Sales Corp., 207 So.2d 709, 711 (Fla. 3d DCA 1968), this court stated:
"In an action for abuse of process it is not essential to show a termination of the proceeding in favor of the person against whom the process was issued and used, or to show want of probable cause or malice. The cause of action consists of the willful or intentional misuse of process; a willful and intentional misuse of it for some wrongful and unlawful object, or ulterior purpose not intended by the law to effect. [citations omitted]."
The holding in Cline, has been followed in this state by the First District Court of Appeal, Bradley v. Peaden, 347 So.2d 455 (Fla. 1st DCA 1977), and is in accord with the overwhelming weight of authority in the country. Prosser on Torts 856-857 (4th ed. 1971); 1 Harper & James, The Law of Torts 330 (1956); Annot., 80 A.L.R. 580 (1932).
We must resolve the above conflict in our decisions and we do so by adhering to the rule announced in Cline and by receding from the above-stated rule announced in Bieley, American Salvage and Marcoux. An abuse of process claim may henceforth be brought as a counterclaim when directed against process served in the *311 pending main action because, in accord with Cline, abuse of process does not require as one of its essential elements a termination of the action in favor of the person against which process was issued. This result is in accord with the rule followed in California. White Lighting Co. v. Wolfson, 68 Cal.2d 336, 438 P.2d 345, 352, 66 Cal. Rptr. 697 (1968). In addition, our review of Nash v. Walker, 78 So.2d 685 (Fla. 1955), and Jones-Mahoney Corp. v. C.A. Fielland, Inc., 114 So.2d 18, 20 (Fla. 2d DCA 1959), convinces us that the Florida Supreme Court has given its tacit, although not explicit, approval to the bringing of such an abuse of process action as a counterclaim.
A different rule properly prevails with reference to the tort of malicious prosecution as termination of the action in favor of the plaintiff is an essential element of that tort. As such, our decisions holding that malicious prosecution may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action are sound and are herein re-affirmed. Bieley v. duPont, Glore, Forgan, Inc., 316 So.2d 66 (Fla. 3d DCA 1975); American Salvage & Jobbing Co., Inc. v. Salomon, 295 So.2d 710 (Fla. 3d DCA 1974). Our error has been in treating the torts of malicious prosecution and abuse of process as interchangeable. They clearly are not.
Finally, a strong basis in fundamental fairness supports the result which we reach in this case. A cause of action for abuse of process accrues and the statute of limitations begins to run from the termination of the acts which constitute the abuse complained of and not from the termination of the action in which process issued. Annot., 1 A.L.R.3d 953, 953-954 (1965); 1 Am.Jur.2d, "Abuse of Process" § 24 (1962). As such, our four year statute of limitations on abuse of process will in all likelihood begin to run, and, indeed, may very well expire before the main action herein is terminated. § 95.11(3)(o), Fla. Stat. (1979); see Moore v. Michigan National Bank, 368 Mich. 71, 117 N.W.2d 105 (1962). To avoid this possible anomaly and fully assure the defendants their right of access to the courts, it seems only fair to allow them to bring their abuse of process action as a counterclaim herein; an opposite result may leave them without legal remedy.

III
Although the trial court erred in dismissing the defendants' abuse of process counterclaim as being only cognizable as an independent action and not as a counterclaim, it does not follow that the defendants' counterclaim should be reinstated as stating a valid cause of action. Our review of the counterclaim herein convinces us that the plaintiffs are entirely right in their contention that this counterclaim fails to state a cause of action for the tort of abuse of process. Indeed, it is little more than a repeat of the allegations in the counterclaim charging malicious prosecution which was properly dismissed by the trial court. The only change is that the defendants now allege that the process was employed unlawfully because it was allegedly used as a means of forcing the defendants to accede to the allegations and demands of the plaintiffs as contained in counts I through IV of their third amended complaint. Even if true, such allegations do not constitute the tort of abuse of process as the gravaman of the action is, in our view, still directed against portions of an alleged baseless complaint and is fundamentally unrelated to the process served thereunder; indeed, no abuse of the process apart from the complaint is pled and the effort to do so amounts to nothing more than a thinly disguised malicious prosecution claim. See Prosser on Torts 856-858 (4th ed. 1971); 1 Harper & James, The Law of Torts 330-332 (1956).
Still, the trial court erred in dismissing the complaint without giving the defendants leave to amend and by doing so committed reversible error. The defendants were entitled to at least one opportunity to amend and replead their claim. Petterson v. Concrete Construction, Inc., 202 So.2d 191, 197 (Fla. 4th DCA 1967); Richards v. West, 110 So.2d 698 (Fla. 1st DCA 1959); *312 Fouts v. Margules, 98 So.2d 394 (Fla. 3d DCA 1957). We should note, however, that the error committed was understandable in view of the unfortunate conflict in our decisions. We hope we have eliminated this conflict for the future guidance of the bench and bar.[2]

IV
The order of dismissal under review is reversed and the cause remanded to the trial court with directions to dismiss the defendants' abuse of process counterclaim with leave to amend same within a period of time to be set by the trial court.
NOTES
[1] The appeal herein seeks review of an order dismissing a permissive counterclaim which attempts to plead a separate cause of action not interdependent with the other pleaded claims and counterclaims in this action. As the subject counterclaim cannot again be refiled by amendment in the pending lawsuit, the order under review is a final order which, in our view, is appealable to this court under Article V, Section 4(b)(1) of the Florida Constitution. Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974); Cordell v. World Insurance Co., 352 So.2d 108 (Fla. 1st DCA 1977); Taussig v. Insurance Co. of North America, 301 So.2d 21 (Fla. 2d DCA 1974). A different result would obtain, however, if the counterclaim herein had been a compulsory counterclaim as it would then be considered inseparable from the main claim and an order dismissing such a compulsory counterclaim would not be final. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., 179 So.2d 414 (Fla. 3d DCA 1965).
[2] In the event the defendants plead a proper cause of action for abuse of process by amendment upon remand, it should be noted that the trial court may, in its discretion, sever the abuse of process counterclaim from the main action for trial purposes. Fla.R.Civ.P. 1.270(b). Indeed, it may be compelled to do so if a joint trial of the counterclaim and main action would otherwise unduly complicate the case. Nash v. Walker, 78 So.2d 685 (Fla. 1955).