PER CURIAM.
This is an appeal from an order dismissing Plaintiff’s initial Complaint for damages. It was done without leave to amend on the ground that jurisdiction was preempted by the National Labor Relations Board.
Plaintiff was a nurse employed by the Defendant-Hospital. She alleged that she was discharged because of certain labor activities. Plaintiff’s complaint contained six counts stemming from her discharge and circumstances surrounding it.
It is conceded that Count one was properly dismissed for the reason stated. The remaining Counts incorporate by reference Count one, and they sound in tort of various kinds.
In this appeal Plaintiff asserts, as could be expected, that the lower tribunal erred in dismissing her complaint, and particularly, dismissing it with prejudice, while Defendants contend that all counts are proper *242 ly and solely within the jurisdiction of the National Labor Relations Board.
Because of the admixture of the Counts we cannot, at this stage, without in effect pleading Plaintiff’s case for her, determine if Plaintiff could amend her complaint so as to eliminate Count one and so as to state a cause of action within the jurisdiction of our state Court System. It may be that Plaintiff can fit her Counts or some of them within the exceptions to the preemption doctrine as delineated in Sears, Roebuck & Co. v. San Diego County District of Carpenters, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978); Farmer v. Carpenters, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977); Linn v. Plant Guard Workers, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). It may be that Plaintiff can disassociate her grievances or some of them from her labor activities.
And so, the record and authorities considered, we hold that Plaintiff should have an opportunity to amend her Complaint if she is so advised. Blue v. Weinstein, 381 So.2d 308 (Fla.3d DCA 1980).
Reversed and Remanded for proceedings consistent herewith.
HERSEY, WALDEN, JJ., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.