SHIVERS, Chief Judge.
Appellant Cox appeals a final order dismissing with prejudice his actions for libel and malicious prosecution. We affirm the dismissal with prejudice of the libel count and reverse the dismissal with prejudice of the malicious prosecution count and remand with directions to enter an order of dismissal without prejudice.
In 1980, Haynes Enterprises, Inc. (Haynes) contracted with Bess Building and Management Company (Bess) through Bess’s agent, appellee Klein, to repair damage from a kitchen fire at property owned by Bess. Subsequently, Haynes’s attorney, appellant Cox, filed a lien and a complaint against Bess. Klein attempted to answer and appear on behalf of Bess, however, because he was neither an attorney nor a party, his pleadings were struck by the court. The lien was satisfied and the case dismissed.
Afterwards, Klein filed a complaint alleging that Cox fraudulently denied him due process of law by failing to provide him adequate notice of Haynes’s lawsuit against Bess. In his complaint, Klein alleged that Cox engaged in misrepresentation, artifice, trickery, duress, coercion and circumvention to deny him his right to be heard. Cox filed a motion to dismiss with prejudice and a counterclaim for libel, abuse of process, and malicious prosecution. The motion to dismiss was granted February 4, 1983 and Cox’s counterclaim was ordered to remain pending. Klein appealed the dismissal of his fraud claim and this court affirmed the dismissal, per curiam. Klein v. Cox, 444 So.2d 419 (Fla. 1st DCA 1984).
Later, Cox amended his counterclaim, and upon motion, the trial court dismissed the libel and abuse of process counts with prejudice, and dismissed the malicious prosecution count with leave to amend. Cox filed a second amended counterclaim for malicious prosecution, Klein again moved *122 to dismiss, and the trial court granted the motion to dismiss with prejudice. Cox appealed but the appeal was dismissed for a lack of a final order. Subsequently, the trial court entered a final order dismissing all of Cox’s actions with prejudice. Cox’s appeal is properly before us.
“Parties, witnesses, and counsel are accorded absolute immunity as to civil liability with regard to what is said or written in the course of a lawsuit, providing the statements are relevant to the litigation.” Wright v. Yurko, 446 So.2d 1162, 1164 (Fla. 5th DCA 1984). Klein, though not an attorney, was a party in his lawsuit against Cox.[1] We cannot say that the statements in Klein’s complaint were not relevant to Klein’s assertions of fraud. Thus we affirm the trial court’s finding that Klein is immune from civil liability for having written them.
As to Cox’s malicious prosecution action dismissed with prejudice, the elements essential to proving malicious prosecution are: (1) commencement of a civil proceeding, (2) legal causation by the present defendant against plaintiff who was a defendant in the original proceedings, (3) bona fide termination in favor of the present plaintiff, (4) the absence of probable cause, (5) the presence of malice, and (6) damages to the present plaintiff conforming to the legal standards. Burns v. GCC Beverages, 502 So.2d 1217, 1218 (Fla.1986). The trial court apparently entered its dismissal with prejudice for the reasons advanced by Klein, i.e., Bums elements (2) and (3) were lacking. It is clear that under element (3), Klein’s lawsuit, which is the basis for the malicious prosecution action, has been terminated in favor of Cox. However we constrain ourselves to follow the semantic dictates of element (2) which, by its terms, contemplates a separate action in malicious prosecution by the victorious, original defendant.
Cox advances Blue v. Weinstein, 381 So.2d 308 (Fla. 3d DCA 1980) for the proposition that since the original action has terminated, his status as counter-claimant should be considered ripened into plaintiff status. In Blue the court held that “malicious prosecution may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action_” Id. at 311 (emphasis added). See also Bieley v. duPont, Glore, Forgan, Inc., 316 So.2d 66 (Fla. 3d DCA 1975) (emphasizing that a counterclaim for malicious prosecution cannot be maintained in a pending action since the pending suit cannot be said to have terminated in favor of the counter-claimant). Consistent with Bums, we do not read these cases to require trial courts to take cognizance of a malicious prosecution action which rode in originally as a counterclaim to the action from which it derived. To adopt such a ripening concept would encourage inappropriate pleading.
There is no reason why Cox could not have brought a separate action had the trial court dismissed his counterclaim. However, we hold that on the facts presented by this case, Cox’s right to bring a separate action should not be prejudiced when his action, originally in the form of a counterclaim, was ordered to remain pending after dismissal of the original claim.
REVERSED and REMANDED with directions.
ERVIN and «TOANOS, JJ., concur.

. Cf. Kent v. Connecticut Bank and Trust Company, 386 So.2d 902 (Fla. 2d DCA 1980) (where the court has no jurisdiction to hear the case, then the proceeding is not judicial and no absolute privilege attaches to statements made in the course of the proceedings).