Robert V. STEINHILBER, Plaintiff,

v.

Paul R. LAMOREE, Esquire,
et al., Defendants.

No. 92–6462–CIV.

United States District Court,
S.D. Florida.

Dec. 17, 1992.

Robert V. Steinhilber, pro se.

Marvin E. Barkin, Wendolyn S. Busch, Trenam, Simmons, Kemker, Scharf, et al., Tampa, FL, for defendants.

## *ORDER AND MEMORANDUM OPINION*

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendants' Fed.R.Civ.P. 12(b)(2), (4), (5), and (6) Motions to dismiss or quash service of process for lack of jurisdiction over the person, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Defendants also moved to stay this case pending the termination of an action pending in the United States District Court for the Western District of Missouri entitled *Michael S. McFarland, et al. v. Winnebago South, Inc.*, Case No. 19967–W–B–9 ("the Missouri action"). For the reasons stated in the memorandum opinion below, the motion to dismiss for lack of jurisdiction over the person is granted.

## I.  BACKGROUND

On December 23, 1971, Paul R. Lamoree, Esq. (primary attorney handling pending lawsuit in Missouri) and the law firm of Watson, Ess, Marshall & Enngas, defendants, filed a class action civil action in the United States District Court for the Western District of Missouri against Winnebago South, Johnita F. Steinhilber, Robert V. Steinhilber, Plaintiff, and others under the federal Interstate Land Sales Full Disclosure Act.

On September 7, 1988, at the request of Honorable United States District Judge Oliver for the Western District of Missouri, Plaintiff and his wife and Defendant Lamoree met in Fort Lauderdale, Florida in an attempt to negotiate a settlement of the Missouri action. At this meeting, Paul Lamoree offered to dismiss the class action lawsuit against Plaintiff and his wife, if they agreed to relinquish their rights in the Winnebago property. Plaintiff and his wife refused. After unsuccessfully attempting to settle the Missouri action, Defendant Lamoree left Florida, which was his only contact with the state.

On May 14, 1992, Plaintiff filed a complaint against Defendants alleging abuse of process. In the Complaint, Plaintiff states that near the end of the September 7, 1988 meeting, "Defendant Lamoree threatened Plaintiff and his wife with dire financial retributions if they did not agree to the proposed settlement." More specifically, Plaintiff alleges that Lamoree stated that "the class action lawsuit would be maintained indefinitely regardless of merit," and that if Plaintiff and his wife "did not agree to the proposed settlement he would, among other things, have the Receiver take away our home and automobile."

In Defendants' affidavit, Lamoree asserts that he simply stated that if Defendants obtained a money judgment against Plaintiff and his wife in the Missouri action, they would be "obligated and entitled to seek to satisfy it by execution on whatever of their assets subject to execution." Lamoree further denies threatening the Plaintiff or stat-

ing that the Missouri action would be maintained "indefinitely" or "regardless of merit."

On September 2, 1992, Defendants filed Fed.R.Civ.P. 12(b)(2), (4), and (5) motions to dismiss the complaint or to quash service of process for want of personal jurisdiction, insufficient process, and insufficient service of process. In the alternative, Defendants' moved to stay this action pending termination of the Missouri action. Further in the alternative, Defendants' moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## II. DISCUSSION

Before reaching Defendants' other motions, the Court must first address Defendants' 12(b)(2) jurisdictional motion. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990).

### A. Defendants' 12(b)(2) Motion

■ Plaintiff bases jurisdiction in this case on diversity of citizenship and asserts that this Court has personal jurisdiction over the Defendants pursuant to Fla.Stat.Ann. § 48.-193(1)(b), Florida's "Long–Arm Statute."

■ The determination of personal jurisdiction over a nonresident[1] defendant requires a two-part analysis by federal courts. *Cable/Home Communication v. Network Productions,* 902 F.2d 829 (11th Cir.1990). First, the Court must consider the jurisdictional issue under Florida's Long–Arm Statute, Fla.Stat.Ann. § 48.193. Second, the Court must determine whether there are sufficient minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.*

---

1. Defendants' Affidavit states that the Watson, Ess firm has never had an office in Florida and has no lawyers who are members of the Florida Bar and has no bank accounts, property or other assets in Florida. Moreover, the Affidavit states that all lawyers in the firm reside in the Kansas City metropolitan area.

2. The Florida long-arm statute provides jurisdiction for the commission of a tortious act within the state as follows:

*v. Washington,* 326 U.S. 310, 316; 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

### a. Florida's Long–Arm Statute

■ Plaintiff asserts that this Court has personal jurisdiction over the Defendants pursuant to the Florida Long–Arm Statute because they committed a tort within the state. Fla.Stat.Ann. § 48.193(1)(b).[2] The reach of the Florida long-arm statute is a question of Florida law. Therefore, this Court must construe the statute just as the Florida Supreme Court would construe it. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890–91 (11th Cir.1983). However, this Court may rely on federal court construction of state law in the absence of supervening state court interpretations. *Spencer Boat Co. v. Liutermoza,* 498 F.2d 332 (5th Cir.), *reh'g denied,* 503 F.2d 568 (5th Cir.1974). The Florida long-arm statute must also be strictly construed to ensure compliance with due process requirements. *Oriental Imports & Exports, Inc.,* 701 F.2d at 891; *Green v. USF & G Corp,* 772 F.Supp. 1258 (S.D.Fla.1991). Moreover, Plaintiff has the burden of establishing a prima facie case of personal jurisdiction when the district court does not conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction over a nonresident defendant. *Cable/Home Communication,* 902 F.2d at 855; *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988); *Delong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir.1988).

■ A prima facie case is established only if the plaintiff presents sufficient evidence to defeat a motion for directed verdict. *Morris,* 843 F.2d at 492. The district court must accept the facts alleged in the complaint as true, to the extent that they are

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

. . . .

(b) Committing a tortious act within this state.

Fla.Stat.Ann. § 48.193(1)(b).

uncontroverted by the defendants' affidavits. *Id.* Where the parties' affidavits conflict, the district court must construe all reasonable inferences in favor of Plaintiff. *Id.*

The Court now addresses whether a tort was committed in the state of Florida. It appears from the record that the Plaintiff is seeking damages for the tort of abuse of process. Under Florida law, a cause of action for abuse of process consists of the willful or intentional misuse of process either for some wrongful and unlawful object or for some ulterior purpose not intended by the law to effect. *Peckins v. Kaye,* 443 So.2d 1025 (Fla.Dist.Ct.App.1983); *Cline v. Flagler Sales Corp.,* 207 So.2d 709 (Fla.Dist.Ct.App. 1968). However, both Florida and Federal Courts have held that a proper claim for abuse of process requires the issuance of some form of process from the court. *Blue Dolphin, Inc. v. United States,* 666 F.Supp. 1538 (S.D.Fla.1987); *Marty v. Gresh,* 501 So.2d 87 (Fla.Dist.Ct.App.1987); *Cazares v. Church of Scientology, Inc.,* 444 So.2d 442 (Fla.Dist.Ct.App.1983); *Blue v. Weinstein,* 381 So.2d 308 (Fla.Dist.Ct.App.1980). *See also Ramsey v. Leath,* 706 F.2d 1166 (11th Cir.1983).

In *Marty v. Gresh,* a Florida appellate court reversed a trial court's decision not to grant appellant's motion for a directed verdict on appellee's abuse of process claim. The court stated that the tort of abuse of process is concerned with the improper use of process after it issues and the "record reveals no evidence to demonstrate any post-issuance abuse of process on the part of appellant." *Marty,* 501 So.2d at 89. Although the appellant "threatened to evict" appellee from her condominium, the court noted that there was no evidence in the record to suggest any of the threats actually transpired, *i.e.* appellee was never actually evicted from her condominium.

In, *Blue Dolphin, Inc. v. United States,* the district court held that "an abuse of process claim is proper only when the action results in issuance of some form of process from the *Court,* such as a writ of garnishment." *Blue Dolphin, Inc.,* 666 F.Supp. at 1541. The court also noted that "there must be some allegation that *after* suit has been legally filed, the process of the Court had been improperly used." *Id.*

A close examination of the pleadings reveals that Plaintiff has failed to meet his burden to establish a prima facie case of personal jurisdiction. Looking most favorably upon Plaintiff's pleadings, Plaintiff has neither alleged nor proven any perversion of judicial process. At best, Plaintiff has shown that Defendant Lamoree threatened to take away Plaintiff's home and automobile if he did not settle the case. However, after the Fort Lauderdale meeting, no writ or other process was issued to carry out any alleged threats made to the Plaintiff. In other words, the judicial process was not utilized to further any alleged wrongful acts committed by Defendant Lamoree. Accordingly, the Court finds that no tort was committed in Florida; therefore, Florida's long-arm does not apply.

*b. Minimum Contacts*

Even if a tort was committed in Florida, Defendant Lamoree's brief contact with the state of Florida, at the direction of Judge Oliver, does not satisfy the due process requirement of "minimum contacts." *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co.,* 326 U.S. 310, 66 S.Ct. 154. Therefore, Plaintiff has failed to satisfy either parts of the two-pronged test required to establish personal jurisdiction over a nonresident defendant.

**B. Defendants' Other Motions**

This Court does not reach Defendants' 12(b)(4), (5), (6) motions or its motion to stay the this action pending the termination of the Missouri action.

**III. CONCLUSION**

Based on the foregoing discussion, it is **ORDERED and ADJUDGED** that defendants' motion to dismiss the complaint and to quash service of process for want of personal jurisdiction is GRANTED. Accordingly, the

Complaint is hereby DISMISSED. All other pending motions are therefore rendered moot.

**DONE AND ORDERED.**