**WHITNEY INFORMATION NETWORK, INC. and Russ Whitney, Plaintiffs,**

v.

**Matt GAGNON and Mazu Publishing Company, Defendants.**

No. 2:03–CV–677–FTM29SPC.

United States District Court, M.D. Florida, Fort Myers Division.

Jan. 14, 2005.

Scott W. Rothstein, Christina Marie Kitterman, Melissa Britt Lewis, Rothstein, Rosenfeldt, Dolin & Pancier, P.A., Ft. Lauderdale, FL, for Plaintiffs.

Matt Gagnon, Portland, OR, pro se.

Mazu Publishing, Portland, OR, pro se.

## OPINION AND ORDER

STEELE, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Dismiss Counts I, II, IV and V of Defendants' Counterclaim and Motion to Strike (Doc. # 32), filed on July 6, 2004. Defendants filed a Memorandum of Law in Opposition (Doc. # 35) on July 27, 2004. With the Court's permission, plaintiffs filed a Reply (Doc. # 38) on August 26, 2004. For the reasons set forth

below, the Court will dismiss the entire Counterclaim, but allow an amended counterclaim as to some of the claims.

## I.

This case involves two companies, each operating its own website. Plaintiffs Russ Whitney and Whitney Information Network ("WIN") own a website that promotes their products and services relating to financial investments. Defendants similarly operate a website on which they offer and sell products relating to financial investments. Plaintiff WIN has service mark registration applications pending before the United State Patent and Trademark Office ("USPTO") for "Russ Whitney" and "Whitney," but these service marks have not yet been registered. The Complaint alleges that Defendants have used these service marks to obtain top placement results for Defendants' website on various internet search engines, and that the website contains negative remarks about Plaintiffs. The Complaint alleges that Defendants' conduct violated federal and state law relating to trademark use.

In response to the Complaint, Defendants filed their answer and affirmative defenses as well as a five-count Counterclaim. (Doc. #25). Defendants' Counterclaim purports to state claims for (1) cancellation of Plaintiffs' application to register the service marks "Russ Whitney" and "Whitney" with the USPTO; (2) common-law abuse of process for bringing the instant lawsuit against Defendants; (3) declaratory relief stating that Plaintiffs have no rights to the subject service marks and that Defendants did not breach a Settlement Agreement of March 2002; (4) common-law unfair competition for Plaintiffs' misuse of the service marks; and (5) prima facie tort for Plaintiffs' wrongful initiation of the instant lawsuit.

## II.

A motion to dismiss a counterclaim under Fed.R.Civ.P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 308 (S.D.Fla. 2001). In deciding a motion to dismiss, the Court must accept all factual allegations in the counterclaim as true and take them in the light most favorable to the counterclaimant. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). A counterclaim should not be dismissed unless it appears beyond doubt that the counter-claimant can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). To satisfy the pleading requirements of Fed.R.Civ.P. 8, a counterclaim must simply give fair notice of what the counter-claimant's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). However, dismissal is warranted under Fed.R.Civ.P. 12(b)(6) if, assuming the truth of the factual allegations of the counterclaim, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009–10 (11th Cir.1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a counterclaim. *Marsh*, 268 F.3d at 1036 n. 16.

Additionally, a party may not incorporate all allegations of each count in every successive count. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir.2001); *Cramer v. State of Florida*, 117 F.3d 1258, 1263 (11th Cir.1997). Here, each count of

the Counterclaim incorporates not only all the previous counts, but all paragraphs in the answer and affirmative defenses. Accordingly, the entirety of the Counterclaim will be dismissed as a shotgun pleading, and the Court will discuss below whether the counts are otherwise also subject to dismissal and whether leave to file an amended counterclaim as to that count will be granted.

### III.

■ In Count One of the Counterclaim, Defendants request, pursuant to 15 U.S.C. §§ 1064 and 1119, that the Court declare the service marks to be invalid and unenforceable and cancel Plaintiffs' applications for registration of the service marks. Plaintiffs contend that Count One must be dismissed for failure to state a claim. More specifically, Plaintiffs contend that the statutes only allow a court to cancel a registered mark, not an application for a service mark, and because there is currently no registered mark, there can be no cause of action for cancelation or invalidation of the mark. The Court agrees with Plaintiffs.

Registration is central to the statutory scheme and the court's ability to cancel or otherwise affect a service mark. Title 15 U.S.C. § 1064 allows the filing of "[a] petition to cancel a registration of a mark . . ." within five years of the date of the registration of the mark or at other specified times. Federal courts are given the power to cancel registered marks by 15 U.S.C. § 1119, which provides:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

A registered mark must exist before an action "involv[es] a registered mark." A mark does not become registered until the USPTO does so. *See* 15 U.S.C. § 1127 ("The term 'registered mark' means a mark registered in the United States Patent and Trademark Office under this chapter."). The Court concludes that in order to state a claim under these statutory provisions, one of the parties must hold a registered trademark with the USPTO; the existence of a pending application is not sufficient.[1] *See State of Fla., Dept. of Citrus v. Real Juices, Inc.*, 173 U.S.P.Q. 775, 777 (M.D.Fla.1972) (to maintain an action under 15 U.S.C. § 1119, it was necessary that either the plaintiff or the defendant possess a registered mark); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp.2d 823, 831 (E.D.Va.2001) ("[A] claim under Section 1119] must involve an existing 'registered mark,' not one that may come into existence in the future.").

In the present case, Count One of the Counterclaim does not allege the existence of a registered mark, and it is undisputed that Plaintiff WIN merely has an application for registration pending before the USPTO. (Doc. # 1, ¶ 15; Doc. # 25, ¶¶ 96, 109–112). A pending application for a service mark is insufficient to satisfy the statutory requirement under section 1119 that the action involve a registered mark. Because Plaintiffs fail to state a claim under section 1119, Count One will be dismissed. Plaintiffs will be allowed to include this claim in an amended counterclaim only if

---

**1.** The Court notes that if an application is denied, a claimant may bring a federal suit challenging the USPTO's decision under another statutory provision, 15 U.S.C. § 1071(b).

they can plead the existence of a registered service mark.

## IV.

Plaintiffs assert that Count Two of the Counterclaim fails to state a claim for abuse of process under Florida law because there are no allegations of misuse of process after the process issued. The Court agrees.

■■ Under Florida law, abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed. *See Cline v. Flagler Sales Corp.*, 207 So.2d 709, 711 (Fla. 3d DCA 1968). "A cause of action for abuse of process requires both allegations of a willful and intentional misuse of process for some wrongful or unlawful object, or collateral purpose, and that the act or acts constituting the misuse occur after the process is issued." *Miami Herald Pub. Co., Div. Of Knight–Ridder v. Ferre*, 636 F.Supp. 970, 974–975 (S.D.Fla.1985) (interpreting Florida law regarding abuse of process); *see also Marty v. Gresh*, 501 So.2d 87, 89 (Fla. 1st DCA 1987) (finding that the abuse of process is concerned with the improper use of process after it issues). "[F]iling a lawsuit with the ulterior motive of harassment does not constitute abuse of process.... the tort of abuse of process is concerned with the improper use of process after it issues." *Della–Donna v. Nova University, Inc.*, 512 So.2d 1051, 1055–56 (Fla. 4th DCA 1987); *see also Blue Dolphin, Inc. v. United States*, 666 F.Supp. 1538, 1541 (S.D.Fla.1987); *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 864 F.Supp. 1568, 1574 (S.D.Fla.1994); *Steinhilber v. Lamoree*, 825 F.Supp. 1003, 1006 (S.D.Fla.1992); *Ferre*, 636 F.Supp. at 974–975 ("[I]t is clear that FERRE's contentions that plaintiffs have abused process by commencing this lawsuit and by failing to follow procedures under the Records Act before this lawsuit was commenced, fail to state a claim for relief insofar as neither involves the requisite allegation of post-issuance of process abuse.").

■ Count Two merely alleges that plaintiffs filed the lawsuit for a variety of improper or unlawful purposes, and does not allege any post-issuance abuse of process. Therefore, Count Two fails to state a claim for abuse of process and will be dismissed. Plaintiffs will be allowed to include this claim in an amended counterclaim only if they can plead the required abuse.

## V.

Plaintiffs contend that Count IV of the Counterclaim, which alleges common law unfair competition by trademark misuse, must be dismissed because no such cause of action exists under Florida law.

■■ To state a claim for unfair competition under Florida common law, counter-claimant must allege (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion. *Monsanto Co. v. Campuzano*, 206 F.Supp.2d 1252, 1267 (S.D.Fla.2002), citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1493–94 (11th Cir.1990). Defendants have made no such allegations. Defendants cite no authority in the Eleventh Circuit or elsewhere allowing trademark misuse as an independent unfair competition cause of action. Indeed, courts uniformly allow trademark misuse only as an affirmative defense to a trademark infringement action. *See, e.g., Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1069 (5th Cir.1997) (per curiam) (defendant answered claim of trademark dilution with a number of affirmative defenses, including trademark misuse); *Helene Curtis Indus. Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1336 (7th Cir.1977) (holding that defendant failed to make out the affir-

mative defense of trademark misuse); *Dunn Computer Corp.*, 133 F.Supp.2d at 830 ("Trademark misuse is not an independent cause of action, but is, instead only an affirmative defense to a trademark infringement claim."). Therefore, Count IV will be dismissed because Defendants failed to state a cognizable unfair competition claim. Defendants will be allowed to include this claim in an amended counterclaim only if they can plead the required elements of a Florida common law unfair competition claim.

## VI.

Plaintiffs contend that Count V, alleging a prima facie tort claim, must be dismissed because no such cause of action exists under Florida law. The Court agrees.

■ Defendants have not cited any Florida case which recognizes a "prima facie tort" cause of action, and at least one federal district court has found no such claim. *See Zombori v. Digital Equip. Corp.*, 878 F.Supp. 207, 209 (N.D.Fla.1995) (finding no prima facie tort for retaliatory discharge). Here, Defendants' prima facie tort claim is simply a thinly-veiled and premature attempt to allege a malicious prosecution claim. The Counterclaim states "Plaintiff's actions in asserting frivolous and baseless ... claims against Defendants is motivated ... not by any good faith belief that Defendants were actually infringing, defaming, breach of contract or engaging in unfair competition." (Doc. # 25, ¶ 140). Defendants further allege that Plaintiffs' actions were "intentional, willful and malicious" and "have forced the Defendants to expend time and money to litigate this matter." (*Id.*, ¶¶ 141–142). Because Florida does not recognize this cause of action, Count V will be dismissed and may not be included in any amended counterclaim.

Accordingly, it is now

**ORDERED:**

1. The Motion to Dismiss Counts I, II, IV, and V (Doc. # 32) is **GRANTED**. For the reasons stated above, the entire Counterclaim is dismissed without prejudice.

2. Defendants are granted leave to file an amended counterclaim to the extent discussed above within twenty (20) days of the date of this Order.

3. The Motion to Strike (Doc. # 32) is **DENIED** as moot.