ALTENBERND, Chief Judge.
Alan P. Woodruff appeals the dismissal of his first amended complaint, which sought to state a cause of action for “fraud upon the court” and abuse of process. These allegations relate to a separate pending action for interpleader. The defendant, Cape Coral Medical Center (Cape Coral), is a party in the interpleader and allegedly the entity that caused the action for interpleader to be hied. The other defendants in this lawsuit are members of Cape Coral’s board of directors and the lawyers who represent Cape Coral in the interpleader.
We affirm the dismissal of Mr. Wood-ruffs complaint. Mr. Woodruffs allegations do not state a claim for an abuse of process. If Mr. Woodruff has a cause of action based upon these allegations, it will be one for malicious prosecution. See Blue v. Weinstein, 381 So.2d 308, 311 (Fla. 3d DCA 1980); see also Delgado v. Airlines Reporting Corp., 745 So.2d 1115 (Fla. 3d DCA 1999); Dorta v. Gaines, 605 So.2d 182 (Fla. 3d DCA 1992); Cazares v. Church of Scientology, 444 So.2d 442 (Fla. 5th DCA 1983). That cause of action will not accrue unless and until the interpleader action is resolved in his favor. See Blue, 381 So.2d at 311. Although the trial court dismissed the first amended complaint with prejudice because the complaint could not be amended to state a cause of action at this time, the dismissal was not intended to, nor do we interpret it as, prohibiting a malicious prosecution claim if indeed one could be stated upon the termination of the interpleader litigation.
Affirmed.
NORTHCUTT and SILBERMAN, JJ„ concur.