**KRW SALES, INC., Plaintiff,**

v.

**KRISTEL CORPORATION, Defendant.**

**No. 93 C 4377.**

United States District Court,
N.D. Illinois, E.D.

Feb. 2, 1994.

Mark Philip Cohen and John Eliot Garber, Schoenberg, Fisher & Newman, Chicago, IL, for plaintiff.

Floyd Babbitt, Donald Joseph Vogel, Sara Lynn Thomas, Fagel & Haber, Chicago, IL, and Craig S. Mielke and Joseph C. Loran, Murphy, Hupp, Foote, Mielke & Kinnally, Aurora, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

KRW Sales, Inc. ("KRW") sues Kristel Corp. ("Kristel") to recover commissions under a written sales representation agreement. After Kristel did not timely answer the complaint or otherwise plead, the court entered a default judgment in favor of KRW, which was subsequently vacated for good cause shown. *See* Fed.R.Civ.P. 55(c), 60(b). Kristel files an amended counterclaim, alleging that in enforcing the default judgment, KRW filed premature citations to discover Kristel's assets. Kristel contends that

KRW's premature asset searches have disrupted its business dealings. KRW moves to dismiss Kristel's amended counterclaim for failure to state a claim upon which relief can be granted.

## BACKGROUND

■ For the purposes of this motion to dismiss, the court accepts all allegations in the counterclaim and draws all reasonable inferences in favor of Kristel, the nonmoving party. *See Badger Pharmacal, Inc. v. Colgate-Palmolive*, 1 F.3d 621, 626 (7th Cir. 1993). On October 21, 1993, the court entered default judgment against Kristel in the amount of $708,506. On October 28, 1993, KRW filed a citation to discover Kristel's assets. On October 29, 1993, KRW filed citations to discover Kristel's assets directed at Williams Electronics, one of Kristel's largest customers and at Merchants Bank of Aurora, Kristel's bank. The citations to discover Kristel's assets all were served on November 2, 1993. On November 3, 1993, the court vacated the default judgment for good cause shown. *See* Order, No. 93 C 4377 (N.D.Ill. Nov. 3, 1993); Memorandum Opinion and Order, No. 93 C 4377 (N.D.Ill. Dec. 3, 1993).

In its amended counterclaim, Kristel contends that KRW wrongfully instituted asset searches before the termination of the ten-day automatic stay for enforcing judgments. *See* Fed.R.Civ.P. 62(a). Kristel alleges that the premature asset searches have inconvenienced and embarrassed it and have disrupted its business and its dealings with customers. KRW moves to dismiss the amended counterclaim for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *See Triad Assoc., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir.1989), *cert. denied*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). The court will grant KRW's motion to dismiss only if it appears beyond doubt that under no set of facts would Kristel be entitled to relief on its amended counterclaim. *See Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 432 (7th Cir.1993). Thus, the amended counterclaim will be dismissed only if the facts that Kristel alleges would not entitle it to judgment under any circumstances. *See Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992).

### 1. Application Of The Ten–Day Automatic Stay

■ KRW contends that Kristel's amended counterclaim fails to state a claim because the citation proceedings were not instituted before the running of the ten-day automatic stay. The parties concur that the citation proceedings officially were commenced on the day they were served, November 3, 1993.[1] The parties also agree that the day the citation proceedings were served was eleven calendar days after the date the default judgment was entered. The dispute between the parties is whether eleven calendar days satisfied the ten-day automatic stay provision for enforcing judgments.

Under the federal rules of civil procedure, enforcement of a judgment is automatically stayed for ten days:

> no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry.

Fed.R.Civ.P. 62(a). KRW reads Rule 62(a) literally, and contends that the citation proceedings against Kristel's assets satisfied Rule 62(a) because the proceedings were instituted eleven calendar days after the entry of default judgment. Kristel responds that Rule 62(a)'s ten-day stay provision is not measured by calendar days, but instead must be read in conjunction with the federal rule regarding the computation of time periods:

> in computing any period of time prescribed or allowed by these rules ... when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sun-

---

1. Fed.R.Civ.P. 69(a) provides that "procedures on and in aid of execution of judgment" are governed by the forum state's law. 735 ILCS

5/2–1402(a) provides that "supplementary proceeding shall be commenced by the service of a citation issued by the clerk."

days, and legal holidays shall be excluded in the computation.

Fed.R.Civ.P. 6(a). Kristel contends that in light of Rule 6(a), KRW was required to wait fourteen calendar days before instituting the citation proceedings.[2] Thus, KRW concludes that the citation proceedings were instituted three days prematurely.

The question whether Rule 6(a) pertains to the automatic stay under Rule 62(a) apparently is one of first impression. Neither party nor the court has been able to locate a decision addressing whether Rule 6(a) must be applied to Rule 62(a). Nevertheless, both parties raise creative arguments. KRW attempts to distinguish Rule 62(a) from other rules to which Rule 6(a) applies. KRW asserts that the ten-day stay in Rule 62(a) is not a time period "less than 11 days" because it "contemplates that proceedings may commence on the first minute of the eleventh day." Motion at 6. KRW's contention is unconvincing. Simply because the ten-day automatic stay expires immediately after the tenth day does not distinguish it from other ten-day time periods. For instance, if a party is granted ten days to file a motion, the motion is late on the first minute of the eleventh day. Thus, the distinction that KRW draws is not persuasive.

Kristel's arguments are more persuasive. Kristel notes that the literal terms of Rule 6(a) encompass Rule 62(a). Clearly, Kristel asserts, the ten-day automatic stay is a "period of time prescribed or allowed by [the federal] rules." Fed.R.Civ.P. 6(a). Kristel also contends that the policies that led the drafters of the federal rules to exclude weekends and holidays from time periods of ten days or less are applicable in cases involving the ten-day automatic stay under Rule 62(a).

In light of the clear language of Rule 6(a) and the lack of evidence that the drafters of the rules intended to exclude Rule 62(a) from

Rule 6(a)'s scope, the court finds that the ten-day automatic stay under Rule 62(a) excludes weekends and holidays. Accordingly, KRW instituted the citation of assets proceedings against Kristel three days before the termination of the ten-day automatic stay.

### 2. Violation Of The Federal Rules

■ KRW contends that even if it instituted the citations to discover Kristel's assets prematurely, Kristel's amended counterclaim nevertheless fails to state a claim. KRW asserts that both counts of Kristel's amended counterclaim are based on KRW's purported violation of Rule 62(a). KRW argues that because a "violation of a Federal Rule of Civil Procedure does not give rise to an independent cause of action," "the amended counterclaim must be dismissed for failure to state a claim upon which relief can be granted." Motion at 2. KRW's position is convincing.

■ Kristel concedes that violations of the federal rules do not give rise to a cause of action. However, Kristel asserts that it does not counterclaim for KRW's violation Rule 62(a). Rather, Kristel contends that it seeks damages under Illinois law for the effects of KRW's wrongful asset searches. Count I of Kristel's amended counterclaim fails to identify a cause of action.[3] Count II of Kristel's amended counterclaim claims recoupment and set-off. Both counts are directly based on KRW's premature filing of citations for asset searches. Although Kristel flatly asserts that it "has not simply tried to state a cause of action for a violation of the Federal Rules," it is apparent that the amended counterclaim simply seeks to hold KRW accountable for its violation of Rule 62(a). Accordingly, Kristel's amended counterclaim fails to state a claim upon which relief can be granted, and must be dismissed.[4]

---

**2.** Two weekends fell between the date of entry of default judgment, October 21, 1993, and the date of service of the citation proceedings, November 3, 1993.

**3.** In its response to the motion to dismiss, Kristel states that the legal basis for Count I of its amended counterclaim is wrongful garnishment. *See* Response at 5.

**4.** Kristel's position also belies its assertion of supplemental jurisdiction. Kristel's contention that KRW has committed a tort separate from its violation of the federal rules contradicts its assertion that the amended counterclaim is so related to the original cause of action as to form the same case or controversy. *See* 28 U.S.C. § 1367.

## CONCLUSION

For the foregoing reasons, plaintiff KRW Sales, Inc.'s motion to dismiss the amended counterclaim is granted.