Newcomb v. Pick Point Enterpr.        CV-95-109-SD  12/07/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Nelson F. Newcomb, Sr.


    v.                                        Civil No. 95-109-SD


Pick Point Enterprises, Inc.;
Corky F. Newcomb



                      O R D E R


    In this diversity action, plaintiff Nelson J. Newcomb, Sr.,
asserts an assortment of claims sounding in tort and contract
against defendant Pick Point Enterprises, Inc., and Corky F.
Newcomb.[1]  By medium of counterclaim, defendants, while denying
the existence of any claimed contractual agreement between the
parties, assert that plaintiff's alleged episodes of
exhibitionism constitute a complete failure of consideration for
any such agreement and caused defendants to incur substantial
business losses.

    Presently before the court is plaintiff's motion to dismiss
the counterclaim, to which defendants object.

_____

    [1]The court notes that Corky F. Newcomb is the former Nelson
F. Newcomb, Jr., plaintiff Newcomb's son.

<u>Background</u>

In 1977 Nelson F. Newcomb, Sr., and his son Corky F. Newcomb formed Pick Point Enterprises, Inc., a New Hampshire corporation, "the primary purpose of the business being production and sale of sporting goods." Complaint ¶ 6. Father and son each owned one-half of Pick Point. <u>Id.</u> ¶ 7. On or about April 7, 1982, Nelson transferred his fifty shares of Pick Point stock to Corky, <u>id.</u> ¶ 12, the alleged purpose of which was to minimize future court interference if Nelson died while Pick Point was still in operation, <u>id.</u> ¶ 13.[2]

Plaintiff alleges that upon returning from a vacation trip to Bermuda he found that defendants had relocated Pick Point, including plaintiff's personal files, all without his knowledge or consent. <u>Id.</u> ¶¶ 21-22. Since that time plaintiff alleges that he has been excluded from participating in any of the business operations of Pick Point and has been denied his annual one-half share of the profits from the corporation for the calendar years 1992, 1993, and 1994. <u>Id.</u> ¶¶ 23-24.

This does not end the matter, for the defendants, by way of counterclaim, have added a layer to the court's inquiry. Said

---

[2]Plaintiff further alleges, over defendants' denial, that the parties orally agreed and understood that plaintiff would continue to be regarded as owner of one-half of Pick Point and that the parties would split the net annual profits of Pick Point for the remainder of plaintiff's life.

counterclaim provides as follows:

> 1.  The Plaintiff willfully, negligently and maliciously exhibited himself to an employee of Pick Point Enterprises, Inc. and to the Defendant, Nelson F. Newcomb, Jr.'s wife.
> 2.  Such conduct maliciously interfered with the conduct of the business of Pick Point Enterprises, Inc.
> 3.  The episodes of exhibitionism breached any claimed agreement between Plaintiff and the Defendant.
> 4.  That as a direct and proximate result of such conduct, the Defendants have incurred substantial operating losses and lost business opportunities.

Answer and Cross-Complaint [sic] at 6-7.

At issue presently is whether the defendants' counterclaim meets the pleading standard necessary to overcome plaintiff's motion to dismiss.

## Discussion

### 1.  Motion to Dismiss Standard

"At the start, a reasonable basis for belief and an outline of what one might reasonably hope to prove may suffice to permit discovery and ward off premature motions to dismiss."  Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993).  A plaintiff is merely required to present "'a short and plain statement of the claim' . . . that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon

3

which it rests."[3]  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (quoting Rule 8(a)(2), Fed. R. Civ. P.); <u>see also</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (motion to dismiss does not depend upon likelihood of success on merits of claim, but rather upon whether plaintiff is entitled to offer evidence to support claim); Rule 8(a)(2), Fed. R. Civ. P. (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief").  An opponent's "liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of . . . [asserted] claims . . . and to define more narrowly the disputed facts and issues" allow this broad standard.  <u>Conley</u>, <u>supra</u>, 355 U.S. at 47-48 (citing, inter alia, Rule 12(e), Fed. R. Civ. P. (motion for more definite statement)).

Though the standard is minimal, <u>Boston & Me. Corp. v. Town of Hampton</u>, 987 F.2d 855, 864 (1st Cir. 1993), it is not nonexistent, <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988).  That is to say, although "the threshold [for stating a claim] may be low, . . . it is real."  <u>Id.</u>  The court is

---

[3]This general pleading standard equally applies to the counterclaim alleged herein.  <u>See</u> <u>KRW Sales, Inc. v. Kristel Corp.</u>, 154 F.R.D. 186, 187 (N.D. Ill. 1994) (motion to dismiss counterclaim will be granted "only if it appears beyond doubt that under no set of facts would [defendant] be entitled to relief on its . . . counterclaim") (citation omitted).

4

obliged, however, to "accept the allegations of the complaint as true, and determine whether, <u>under any theory</u>, the allegations are sufficient to state a cause of action in accordance with the law." <u>Brown v. Hot, Sexy and Safer Prods., Inc.</u>, 68 F.3d 525, 530 (1st Cir. 1995) (citing <u>Vartanian v. Monsanto Co.</u>, 14 F.3d 697, 700 (1st Cir. 1994)) (emphasis added) (other citation omitted); <u>accord</u> <u>Fitzgerald v. Codex Corp.</u>, 882 F.2d 586, 589 (1st Cir. 1989) (specific legal theory need not be pled under Rule 8, Fed. R. Civ. P.).

## 2. The Merits of Plaintiff's Motion

In his motion to dismiss, plaintiff seems to incorrectly argue the degree to which defendants are required to "set forth the factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some <u>actionable</u> legal theory." Plaintiff's Motion to Dismiss Defendants' Counterclaim ¶ 5. To the extent that plaintiff appears to hint at a heightened pleading standard, such a suggestion is without merit.

In <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, ___, 113 S. Ct. 1160, 1163 (1993), the Court reaffirmed its <u>Conley</u> holding, where the Court "said in effect that . . . Rule [8(a)(2)] meant what it said," <u>id.</u>, and reiterated that "'the

5

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim,'" id. (quoting Conley, supra, 355 U.S. at 47). The statement of the counterclaim is procedurally sufficient so long as it provides "'fair notice of what the . . . claim is and the grounds upon which it rests." Id.

In the counterclaim, defendants allege that plaintiff willfully, negligently, and maliciously exhibited himself to a Pick Point employee as well as to his daughter-in-law, and that this behavior interfered with the conduct of defendants' business, resulting in substantial operating losses and business opportunities. Defendant's Answer at 6-7. As further refined in their objection papers, defendants assert that "[t]hese allegations fairly raise issues of fact concerning the elements of viable causes of action, including negligence, breach of contract, tortious interference with contractual relations and business defamation." Defendants' Objection at 3.[4] Although

---

[4]To the extent that defendants intend to rely on a negligence theory in seeking recovery for business and operating losses, the court pauses to note that the law of New Hampshire ordinarily prevents "recover[y] in a negligence claim for purely 'economic loss.'" Border Brook Terrace Condominium Ass'n v. Gladstone, 137 N.H. 11, 18, 622 A.2d 1248, 1253 (1993) (citations omitted). On the basis of the facts alleged, the viability of the claimed tortious interference with contractual relations is similarly doubtful. See Roberts v. General Motors Corp., 138 N.H. 532, 539, 643 A.2d 956, 960-61 (1994) (tortious interference claimant must show contractual relationship of which defendant

6

defendants deny the existence of any contractual agreement, Answer ¶ 19, they specifically assert that plaintiff's acts of exhibitionism amounted to a malicious interference with business operations at Pick Point and as such constitute a breach of said claimed agreements. Counterclaim ¶¶ 1-3.

Insofar as the standard to be applied to the motion sub judice is whether defendants have adequately stated a cause of action in their counterclaim, leaving the likelihood of success on the merits for another day, the court finds and rules that defendants' general allegations, sparse though they may be, place plaintiff on notice of both the claim and the grounds upon which it rests.[5] As such, defendants' allegations adequately set forth a valid counterclaim.[6] Plaintiff's motion to dismiss, therefore, must be and herewith is denied.

---

was aware; that defendant wrongfully induced party contracting with claimant to breach; and that damages claimed were proximately caused by such interference).

[5]Indeed, plaintiff's argument is severely undercut by his June 15, 1995, answer to defendants' counterclaim; the filing of which, in the least, implicitly recognizes the procedural sufficiency of defendants' allegations.

[6]The court notes that vagueness or lack of detail in allegations are properly remedied by means of a Rule 12(e), Fed. R. Civ. P., motion for more definite statement and, as such, do not provide an adequate basis for dismissal under Rule 12(b)(6).

## Conclusion

For the reasons set forth herein, plaintiff's motion to dismiss defendants' counterclaim (document 11) is denied.

SO ORDERED.

                                       _____
                                       Shane Devine, Senior Judge
                                       United States District Court

December 7, 1995

cc:  Eaton W. Tarbell, Jr., Esq.
      Michael R. Callahan, Esq.