Elizabeth J. NEUMONT, et al., Plaintiff,

v.

MONROE COUNTY, FLORIDA,
Defendant.

No. 99–10054–CIV.

United States District Court,
S.D. Florida.

Nov. 2, 2000.

James Hermann Hicks, Hicks and Brams, P.A., Harold E. Wolfe, Jr., Harold E. Wolfe, Jr., P.A., William Hoffman Pincus, Hicks, Brams & Scher, West Palm Beach, FL, for plaintiffs.

James T. Hendrick, Karen Kittian Cabanas, Morgan & Hendrick, Key West, FL, for defendants.

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND ORDER GRANTING CLASS CERTIFICATION

PAINE, District Judge.

This matter comes before the Court upon the Report and Recommendation of Chief United States Magistrate Judge Linnea R. Johnson, filed August 21, 2000. Upon a careful review of Judge Johnson's thorough and well reasoned Report and Recommendation, and a de novo review of the motion and the record, it is hereby

ORDERED AND ADJUDGED that said Report and Recommendation is AFFIRMED AND ADOPTED and made the Order of the District Court. Accordingly, it is further

ORDERED AND ADJUDGED that Plaintiffs' Renewed Motion for Class Certification (D.E. 65) is GRANTED.

## REPORT AND RECOMMENDATION

JOHNSON, United States Chief Magistrate Judge.

**THIS CAUSE** is before the Court on Plaintiffs' Renewed Motion for Class Certification (D.E.# 65). This matter was referred to the undersigned Chief United States Magistrate Judge by the Honorable James C. Paine, United States District Judge for the Southern District of Florida, and is now ripe for judicial review. A hearing on this matter took place before the undersigned on July 19, 2000. For the following reasons the undersigned respectfully recommends said motion be granted.

## BACKGROUND

By the instant Motion Plaintiffs seek to have this cause certified as a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of all those persons who:

A. own or owned real property in Monroe County, Florida;

B. held a valid "Resort Dwelling" license issued by the Florida Division of Hotels and Restaurants pursuant to Fla. Stat. §§ 509.251(1) and 509.242(g) for one or more real properties located in Monroe County, allowing such persons to engage in vacation rentals (as hereinafter defined);

C. held valid Monroe County occupational licenses issued by Monroe County, Florida for one or more real properties located therein, allowing such persons to engage in vacation rentals (as hereinafter defined);

D. prior to implementation of the formal ban on vacation rentals, such persons did in fact engage in the business of leasing one or more of their real properties licensed as a Resort Dwelling for periods aggregating less than twenty-eight (28) days in duration for vacation rental purposes (hereinafter defined as "Vacation Rentals"); and

E. are not specifically excluded from the Class by virtue of paragraph 6, *infra*

6. Specifically excluded from the Members of the Class are those persons who

own or owned real property in Monroe County, Florida, who would otherwise be defined as Members of the Class under paragraph 5, *supra*, but who engaged in rental of such real property to a single tenant for periods aggregating nine (9) months on a sinle [single] leasehold (hereinafter "Long–Term Lease") where such leasehold began at any period subsequent to December 31, 1994.

*See* Amended Complaint, ¶¶ 10(A–E) & 11 and Memorandum of Law in Support of Renewed Motion for Class Certification, ¶¶ 5(A–E) & 6. Plaintiffs' Complaint sounds in nine counts: The first four counts (counts I through IV) involve the issue of premature enforcement of Monroe County Ordinance 004–1997 (the "Vacation Rental Ban") and the remaining counts (counts V through IX) concern constitutional claims of unjust taking. Essentially, Plaintiffs contend that Monroe County prematurely enforced Ordinance 004–1997, banning short-term vacation rentals (*i.e.* rentals for less than 28 consecutive days) and that such Ordinance, even timely applied, constitutes an inverse condemnation taking of the Class' private property without just compensation in violation of the Fifth Amendment of the United States Constitution and/or Article X, Section 6(a) of the Florida Constitution.

### LEGAL ANALYSIS

Plaintiffs move for class certification of this action under Rule 23 of the Federal Rules of Civil Procedure, which governs the certification and maintenance of class actions. The question of class certification is a procedural one, distinct from the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The determination of whether a particular matter may be maintained as a class action falls within the district court's sound discretion and will not be reversed absent abuse of discretion. *Califano v. Yamasaki*, 442 U.S. 682, 703, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *Crum v. Housing Authority of Tampa, Fla.*, 841 F.2d 376, 378 (11th Cir. 1988).

Under Rule 23, plaintiffs must initially satisfy each of the four threshold requirements of Rule 23(a): (1) the class must be so numerous that joinder of all members is impracticable ("numerosity"); (2) questions of law or fact common to the class must exist ("commonality"); (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ("typicality"); and (4) the representative parties must fairly and adequately protect the interests of the class("adequacy of representation"). Plaintiffs seeking to represent the class bear the burden of establishing that all four requirements have been met. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 n. 2 (11th Cir.1987), *cert. denied*, 485 U.S. 959, 108 S.Ct. 1221 (1988). Once the requirements of Rule 23(a) have been satisfied, plaintiffs must then demonstrate that the action sought to be certified falls within one of the categories set forth in Rule 23(b).[1] *Id.* These prerequisites are mandatory and the failure to establish any one is fatal to a motion for class certification. *Id.; Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2246, 138 L.Ed.2d 689 (1997)(requiring searching inquiry into, and strict compliance with, each element of the 23(a) and 23(b) equation in class applications.). Rule 23 also contains an implicit primary requirement that the named plaintiffs demonstrate that an identifiable class exists. *De-Bremaecker v. Short*, 433 F.2d 733, 734 (5th Cir.1970)[2] (holding that it is "elementary that in order to maintain a class action, the

---

1. In this case, plaintiffs seek to apply Rule 23(b)(2) which provides for class certification where:

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.] *Id.* Thus, in this case, Plaintiff must prove the existence of an objectively definable class, and bears not only the burden of satisfying the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23(a), but also must demonstrate that declaratory or injunctive relief is the primary focus of the class action.

2. The Eleventh Circuit in the *en banc* decision of *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

class sought to be represented must be adequately defined and clearly ascertainable."); *Hispanics United of Dupage County v. Village of Addison, Ill.,* 160 F.R.D. 681, 686 (N.D.Ill.1995)(finding class sufficiently identifiable where definition included "all those [within a certain geographic location] who have been or will be ... adversely affected by" defendants' allegedly discriminatory practices); *O'Connor v. Boeing N. Am., Inc.,* 184 F.R.D. 311, 319 (C.D.Cal.1998)(class definition should be "precise, objective and presently ascertainable"). This non-enumerated, implicit Rule 23 requirement is frequently referred to as the "definiteness" requirement.

▇▇▇ In deciding a motion for class certification the court must accept all allegations of the complaint as true and assume that cognizable claims are stated. *Eisen,* 417 U.S. at 177–78, 94 S.Ct. 2140. While a determination of class certification does not focus on whether a plaintiff will ultimately prevail on the merits, a court may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied. *Id.*; *General Tel. Co. v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("[s]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); *Castano v. American Tobacco Co.,* 84 F.3d 734, 744 (5th Cir.1996)(a court must "understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues."). Although the plaintiff carries a "strict" burden of persuasion, *Sandlin v. Shapiro & Fishman,* 168 F.R.D. 662 (M.D.Fla.1996), the court is instructed to resolve any doubt in favor of class certification. *In re Carbon Dioxide Antitrust Litigation,* 149 F.R.D. 229, 232 (M.D.Fla.1993).

As Plaintiffs correctly observe, the objections raised to class certification are limited. Significantly, Defendant does not contest that Plaintiffs' proposed class meets all certification requirements enumerated in Rule 23(a & b). *See generally* Defendant's Response Memorandum. Rather, Defendant opposes class certification on only two narrow grounds: first, Defendant argues that

the proposed class definition is unworkable in that it is incapable of precise definition; and second, Defendant contends that class certification is improper because Plaintiffs fail to state a cause of action. Each of these arguments are unavailing.

### Alleged Unworkability of the Proposed Class Definition

▇▇▇ It stands to reason that for a class definition to be viable, class membership must be "capable of ascertainment under some objective standard." 5 Moore, Moore's Federal Practice §§ 23.20–21 (3d ed.1999). Stated differently, "[a] proposed class is permissible under Rule 23 so long as it is not too amorphous or incapable of a reasonably precise definition." *Newton v. Southern Wood Piedmont Co.,* 163 F.R.D. 625, 631 (S.D.Ga. 1995)., *aff'd,* 95 F.3d 59 (11th Cir.1996)(*citing* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1760, at 120–126 (1986)). Essentially, "a class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member[ ]". *O'Connor,* 184 F.R.D. at 319.

In the instant case the proposed class easily meets the definiteness requirement: It is, in the words of the *O'Connor* court, "precise, objective and presently ascertainable." 184 F.R.D. at 319. The proposed class consists of those persons who:

A. own or owned real property in Monroe County, Florida;

B. held a valid "Resort Dwelling" license issued by the Florida Division of Hotels and Restaurants pursuant to Fla. Stat. §§ 509.251(1) and 509.242(g) for one or more real properties located in Monroe County, allowing such persons to engage in vacation rentals (as hereinafter defined);

C. held valid Monroe County occupational licenses issued by Monroe County, Florida for one or more real properties located therein, allowing such persons to engage in vacation rentals (as hereinafter defined);

D. prior to implementation of the formal ban on vacation rentals, such persons did in fact engage in the business of leasing

one or more of their real properties licensed as a Resort Dwelling for periods aggregating less than twenty-eight (28) days in duration for vacation rental purposes (hereinafter defined as "Vacation Rentals"); and

E. are not specifically excluded from the Class by virtue of paragraph 6, *infra*

6. Specifically excluded from the Members of the Class are those persons who own or owned real property in Monroe County, Florida, who would otherwise be defined as Members of the Class under paragraph 5, *supra*, but who engaged in rental of such real property to a single tenant for periods aggregating nine (9) months on a sinle leasehold (hereinafter "Long–Term Lease") where such leasehold began at any period subsequent to December 31, 1994.

As the above definition demonstrates, the proposed class is capable of precise definition both as to who is included and who is excluded.

■ Defendant attacks the proposed class definition arguing it is contingent upon a "purely subjective and indefinable standard." Defendant's Response Memorandum, p. 2. According to Defendant, the Court can not readily determine which potential class members purchased their property "with the specific intent of conducting short-term rentals." *Id.* As Plaintiffs correctly observe, Defendant's objection in this regard is based on a misreading of Plaintiffs' class allegations. Contrary to Defendant's assertion, the class is not defined by reference to classmembers' "specific intent" [3] with regard to short term rentals, investment-backed expectations, or any other subjective criteria.

In point of fact, the opposite is true, with the class definition being entirely objective. Thus, to be a member of the class, an individual must have:

a. owned real property in Monroe County (Compl.¶ 10A);

b. held a valid state-issued Resort Dwelling Licence (Compl.¶ 10B);

c. held a valid Monroe County-issued Occupational Licence (Compl.¶ 10C);

d. actually used their property for short-term vacation rentals prior to the County's ban (Compl.¶ 10D); and

e. after December 31, 1994, not have rented their property to a single tenant for periods aggregating nine months or more (Compl.¶ 11).

These criteria are objectively based and easily ascertainable from public records showing land ownership and licensure maintained by the Defendant.

■ Defendant next contends that it would be "entirely speculative" for the Court to attempt to identify which owners have rented only short-term. Defendant's Responsive Memorandum, p. 2. This argument also fails. Case law is clear that there is no requirement that every classmember, other than the named plaintiffs, be identified at the outset of the litigation. *O'Connor,* 184 F.R.D. at 319. Instead, a class definition is necessary only to establish that the class does, in fact, exist and that its members will be identifiable. *Id.* Thus, in *O'Connor,* the Court held that class description need only be definite enough for the court to feasibly ascertain member status. *Id.; See also Intratex Gas Co. v. Beeson,* 22 S.W.3d 398, 404 (Tex.2000)(noting that "a class definition will not fail merely because every potential class member cannot be identified at the suits commencement.")(citing *Carpenter v. Davis,* 424 F.2d 257, 260 (5th Cir.1970)); *Hispanics United,* 160 F.R.D. at 686 (the question is only whether the class actually exists).

■ Accordingly, Defendant's argument that the Court cannot at the outset of litigation "identify which owners have rented only short-term", is of no moment. The Court need not make this identification at this time. *O'Connor,* 184 F.R.D. at 319; *Intratex Gas,* 22 S.W.3d 398, 404; *Hispanics United,* 160 F.R.D. at 686. Defendant will have ample opportunity to discover the uses to which any particular property has been put by way of classmembers' tax returns, rental contracts, and similar documents at some future time. Finally, as Plaintiffs correctly observe. Defendant's objection that if cannot identify

---

3. Defendant's Response Memorandum, p. 2.

which owners have rented only short-term is far less problematic than hurdles encountered by other courts asked to certify a class. *See, e.g., Pottinger v. City of Miami*, 720 F.Supp. 955, 960 (S.D.Fla.1989)(certifying class including persons who "expect" to be "harassed or otherwise interfered with" by defendants); *Hispanics United*, 160 F.R.D. 681 (certifying class including those who suffered no economic or objective harm from allegedly discriminatory local ordinance but who would be "adversely affected" by being deprived of the (undefined) benefits of living in an integrated community).

### Alleged Failure To State
### A Cause Of Action

■ Defendant's final argument against class action certification is the Plaintiffs' alleged failure to state a claim. As noted previously, *supra.* p. 5, In deciding a motion for class certification the court must accept all allegations of the complaint as true and assume that cognizable claims are stated. *Eisen*, 417 U.S. at 177–78, 94 S.Ct. 2140. In determining whether a class should be certified, the court is not permitted to consider the merits of the action. *Id.* Instead,

> [i]n determining the propriety of a class action, the question is not whether the ... plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.

*Id.* at 178, 94 S.Ct. 2140. The only time a court may look beyond the pleadings in a class action certification posture is to determine whether the requirements of Rule 23 have been satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)("[s]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir.1996)(a court must "understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues.").

Here, Defendant is asking this Court to do precisely what it is forbidden to do by long and well-established case law—look beyond the pleadings and make a determination regarding the merits of the case. *See* Defendant's Responsive Memorandum, pp. 3–5. In its response brief, Defendant argues that the class as proposed by Plaintiffs herein cannot be certified because inasmuch as "[a] taking may only be established by showing that there has been a denial of all beneficial use [of property.]" and Plaintiffs have failed to plead same, Plaintiffs' fail to state "any entitlement to relief". *Id.* at 4 (emphasis in original). Predictably, Defendant's concede that class action certification would be warranted if Plaintiffs were claiming loss of all beneficial use of property. *Id.* at 5. Inasmuch as this Court is not permitted to look beyond the pleadings and make a determination on the case's merits. *Eisen*, 417 U.S. at 177–78, 94 S.Ct. 2140, Defendant's argument that Plaintiffs' have failed to state a claim cannot even be considered.

In accordance with the foregoing, it is hereby

**RECOMMENDED** that Plaintiffs' Renewed Motion for Class Certification be **GRANTED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable James C. Paine, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.1988), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993).

Dated: Aug. 21, 2000.