**Loretta FABRICANT, Plaintiff,**

v.

**SEARS ROEBUCK, et al., Defendants.**

**No. 98–1281–CIV.**

United States District Court, S.D. Florida.

May 21, 2001.

---

Michael A. Hanzman, Alan Rolnick & Keith E. Hope, Hanzman, Criden, Chaykin & Rolnick, P.A., Coral Gables, FL, Robert Ader, Law Offices of Robert Ader, Robert Hertzberg, Law Offices of Robert Hertzberg, Miami, FL, for plaintiff.

William F. Hamilton, Holland & Knight LLP, Tampa, FL, James C. Schroeder, Mayer Brown & Platt, Chicago, IL, for defendants.

### ORDER ON MOTION TO DISMISS COUNTERCLAIMS

NESBITT, District Judge.

This cause comes before the Court upon Plaintiff's Motion to Dismiss Defendant's Counterclaims (D.E.# 330) filed November 22, 2000. The Court has considered the motion, the response, the reply and the pertinent portions of the record.

## BACKGROUND

Plaintiff Fabricant, a Sears Credit Card holder, has filed a putative class action Complaint alleging that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Florida Statutes §§ 627.33, 626.321, 624.605(1)(j), 627.682, and 624.15, in connection with the sale of the Sears Credit Protection Plan ("SCPP"). The SCPP is a package of credit, life, disability, property, and unemployment insurance sold in connection with the Sears Card. Plaintiff's class definition explicitly excludes all persons who are in default.

Defendants Sears National Bank, Allstate Life Insurance Company and Allstate Insurance Company have asserted counterclaims "in the event that the Court certifies a class." Sears National Bank asserts three counterclaims: (1) judgment against class members in default on their accounts; (2) if the court determines that the policies are void, return of benefits received in excess of the premium paid; and (3) if the court determines the policies are unenforceable or void, claims for unjust enrichment because class members received the benefit of defendants insurance. Defendants Allstate Life Insurance Company and Allstate Life Insurance Company have asserted two counterclaims, identical to the latter two counterclaims asserted by Sears National Bank.

Plaintiff makes this motion to dismiss all three counterclaims under Rule 12(b)(6). Plaintiff contends that the first and second counterclaims are asserted against persons who are not members of the class and the counterclaims are therefore legally insufficient. As to the third counterclaim for unjust enrichment, Plaintiff contends that the claim fails as a matter of law because Defendants violated Florida's public policy by selling the SCPP contracts and, therefore, are precluded from obtaining restitution.

## DISCUSSION

■ A motion to dismiss a counterclaim under Rule 12(b)(6) is treated the same as a motion to dismiss a complaint. *KRW Sales, Inc. v. Kristel Corp.*, 154 F.R.D. 186, 187 (N.D.Ill.1994). The motion may be granted only if, viewing the pleaded facts in the light most favorable to the counter-claimant, no set of facts in support of the claim would entitle counter-claimants to relief. *See Brett v. First Federal Sav. & Loan Ass'n*, 461 F.2d 1155 (5th Cir.1972).

## I. Counterclaim Against Defaulted Accountholders

There is no dispute that Plaintiff's definition of the class explicitly excludes any accountholders in default. Plaintiff argues that there is no set of facts which would entitle Defendant to the relief sought by the first counterclaim. Defendant's sole response is that the carve-out of defaulted accountholders is artificial and ultimately improper because defaults arise every month—as any class member who fails to make a payment will then be in default. Thus, Defendant contends that it must be allowed to assert claims, which they characterize as compulsory, against the defaulted accountholders who it contends must be part of the class.

■ The class definition is viable if it is ascertainable by an objective standard. *Neumont v. Monroe County*, 198 F.R.D. 554, 557 (S.D.Fla.2000); *see also* 2 Newburg on Class Actions § 6.14, at 6–61 (3d ed.1992); 5 Moore's Federal Practice §§ 23.20–21 (3d ed.1999). A class is properly defined if it is administratively feasible for the court to ascertain whether an individual is a member. *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D.Cal.), *amended on other grounds*, 1998 U.S. Dist LEXIS 15976 (C.D.Cal. Aug. 14, 1998). Courts have found class definitions sufficiently precise which expressly (1) excluded landlords who engaged in the rental of property for a period of more than nine months, *e.g. Neumont*, 198 F.R.D. at 558, (2) included only parents who opposed abortion notification, *e.g. Planned Parenthood Fed. of Am. v. Schweiker*, 559 F.Supp. 658 (D.D.C.1983), *aff'd*, 712 F.2d 650 (D.C.Cir.1983), and (3) included minors who "wished to receive contraceptive[s] ... without their parents being notified." *E.g. id.* Here, Plaintiff seeks to exclude accountholders in default. An accountholder either is or is not in default. This is clearly an objective standard that will enable the Court to deter-

mine whether a person is a member of the class.

Further, nothing prevents specifically excluding class members for the purpose of preserving the cohesiveness of the class. *See Partain v. First Nat'l Bank of Montgomery*, 59 F.R.D. 56, 59 (M.D.Ala.1973) (excluding persons, otherwise class members, against whom defendant had counterclaims in order preserve a valid class action) *see also Roper v. Consurve*, 578 F.2d 1106, 1116 (5th Cir. 1978) (citing *Partain* with approval and explaining that a court has continuing authority to "exclude counterclaim defendants from the plaintiff class"). So long as the exclusions preserve the objective nature of the class definition, persons may be excluded from the class.

■ With respect to any class member whose policy later is in default, any counterclaim against that class member is not compulsory. A counterclaim is mandatory only if it exists *at the time of serving the pleading.* Fed.R.Civ.P. Rule 13(a); *Plant v. Blazer Financial Svcs.*, 598 F.2d 1357, 1360 n. 3 (5th Cir.1979) (explaining that no counterclaim can be brought on a debt not currently due). This definition is further illuminated by Rule 13(e) which provides that counterclaims maturing after serving a pleading may be filed only "with the permission of the court." Fed.R.Civ.P. Rule 13(e). As any future counterclaim is not currently mature, Defendant does not yet have a claim, much less a compulsory counterclaim. Accordingly, this counterclaim should be dismissed.

## II.   Counterclaim for Receipt of Benefits in Excess of Premiums Paid

■ Similarly, there is no dispute that Plaintiff's proposed definition of the class also excludes persons who received benefits in excess of premiums paid. This definition is also objective: either the accountholder paid more in premiums or the insurer paid more in benefits.

Defendants contend that Plaintiff's "carve-out" is improper because they must assert a counterclaim against any accountholder who received benefits in excess of premiums paid and subsequently submits a claim form. De-

fendants erroneously assume someone who submits a claim form is a member of the class. The remedy in such a situation is simple and does not require assertion of a counterclaim; rather, that accountholder would not be entitled to any benefits in this litigation because she would not be a member of the class. Accordingly, this counterclaim should be dismissed.

## III.   Counterclaim for Unjust Enrichment

■ Defendants assert a counterclaim, "in the event that the [Court finds that the] SCPP insurance contracts are 'illegal and unenforceable,'" against those class members who were unjustly enriched. Defendants' Brief at 5. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. Restatement of Restitution § 1. Thus, Defendant's claim for "unjust enrichment" is a claim for restitution.

Generally, a party has no claim in restitution for performance rendered under a promise that is unenforceable on grounds of public policy. Restatement (Second) of Contracts § 197. The rationale for this policy is set forth in the comment to the Restatement:

> In general, if a court will not, on grounds of public policy aid a promisee by enforcing that promise, it will not aid him by granting him restitution for performance that he has rendered in return for the unenforceable promise.... It will simply leave both parties as it finds them, even though this may result in one of them retaining a benefit that he has received as a result of the transaction.

*Id.* at comment a. Only a party not in pari delicti with the wrongdoer is excepted from this general rule. *See* Order of January 29, 2001 (D.E.# 364). Here, Plaintiff seeks restitution, alleging that Defendants sold various insurance in violation of TILA and Florida statutes, that such contracts violated public policy and that Plaintiff, and the class she seeks to represent, were innocent parties to these illegal contracts.

Defendant's counterclaim is premised on this Court finding that the insurance contracts are void and unenforceable. Only an innocent party, if there is one, to a contract

void on grounds of public policy is entitled to restitution. *See* Restatement (Second) of Contracts § 197, at comment b. Defendant's counterclaim does not allege any wrongdoing by Plaintiff, the Plaintiff class, or that Defendant was "excusably ignorant" or was "not equally in the wrong." *See id.* Indeed, if the Court finds that the contracts are illegal based on the Plaintiff's allegations, Defendants would be the "wrongdoers." Thus, if this Court concludes the contracts are illegal, and therefore void and unenforceable, there are no facts that would entitle Defendant to relief on its counterclaim. Accordingly, this counterclaim should be dismissed.

## *CONCLUSION*

Accordingly, it is hereby **ORDERED and ADJUDGED** that

1. Plaintiff's Motion to Dismiss Defendants' Counterclaims (D.E.# 330) is **GRANTED**;

2. Defendant Sears National Bank's First, Second, and Third Counterclaims to the Plaintiff's Second Amended Complaint (D.E.# 288) are **DISMISSED**;

3. Defendant Allstate Life Insurance Company, Allstate Insurance Company First and Second Counterclaims to Plaintiff's Second Amended Complaint (D.E.# 177) are **DISMISSED**.